[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 167.]

THE STATE OF OHIO, APPELLEE, *v.* OTTE, APPELLANT.

[Cite as *State v. Otte*, 2002-Ohio-343.]

*Appellate procedure—Application to reopen appeal from judgment of conviction based on claim of ineffective assistance of appellate counsel—Court of appeals' denial of application affirmed, when—Application denied when applicant fails to meet his burden to demonstrate that there is a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal as required by App.R. 26(B)(5).*

(No. 01-255—Submitted July 17, 2001—Decided January 30, 2002.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 64617.

———————————

*Per Curiam.*

{¶ 1} Appellant, Gary W. Otte, challenges the denial of his App.R. 26(B) application.

{¶ 2} A three-judge panel of the Cuyahoga County Common Pleas Court convicted Otte of the aggravated murders of Robert Wasikowski and Sharon Kostura and sentenced him to death for each murder. The Court of Appeals for Cuyahoga County affirmed the convictions and sentences, *State v. Otte* (Oct. 27, 1994), Cuyahoga App. No. 64617, unreported, 1994 WL 590556, and we affirmed that judgment, *State v. Otte* (1996), 74 Ohio St.3d 555, 660 N.E.2d 711.

{¶ 3} On October 18, 2000, Otte filed in the court of appeals his application for reopening under App.R. 26(B), which provides for the reopening of an appeal based on a claim of ineffective appellate assistance if the applicant can show "a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

**{¶ 4}** Otte claimed that his jury waiver was never filed in the trial court, that this failure deprived that court of jurisdiction to hold a bench trial, and that his original appellate counsel should have raised this issue on appeal. The court of appeals denied the application, holding that Otte had "failed to meet his burden to demonstrate that 'there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal,' " quoting App.R. 26(B)(5).

**{¶ 5}** Otte's claim is based on *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, and *State ex rel. Jackson v. Dallman* (1994), 70 Ohio St.3d 261, 638 N.E.2d 563. In *Pless* and *Dallman*, we held that the mere *signing* of a jury waiver form—no matter how clear on the face of the record—is insufficient to effect a valid waiver of a criminal defendant's jury trial right. Because strict compliance with R.C. 2945.05 is necessary to a valid jury waiver, a signed waiver form must be filed in the trial court and made part of the record in accordance with R.C. 2945.05.

**{¶ 6}** Although Otte admits that he actually *signed* a written waiver of jury trial, he claims that the signed waiver "was not filed with the trial court" as required by R.C. 2945.05. Because of this omission, Otte contends, the three-judge panel never had jurisdiction to try his case; thus, his sentence and conviction are void. He further contends that his appellate counsel's failure to raise this issue in the court of appeals constituted ineffective assistance of counsel, entitling him to reopen his appeal.

**{¶ 7}** *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, sets forth a two-part test for judging ineffective-assistance claims: "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-688, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. Furthermore, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. See, also, *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.

{¶ 8} Applying *Strickland*, we conclude that Otte has raised no genuine issue of ineffective assistance because there was no arguable *Pless* issue for his original appellate counsel to raise. Nowhere does Otte set forth any factual basis for his claim that the affidavit was not filed. He does attach a photocopy of a certified copy of the signed jury waiver as an exhibit to his brief. But nothing on the face of that exhibit indicates that the signed waiver was *not* filed in the trial court. At most, it can be said that the waiver appears to lack a contemporaneous file stamp. Moreover, the exhibit shows a certification, dated September 6, 1996, that states:

"I, Gerald E. Fuerst, clerk of the court of common pleas within and for said [Cuyahoga] county, hereby certify that the above and foregoing *is truly taken and copied from the original CR279973 now on file in my office*."[1] (Emphasis added.)

{¶ 9} *State ex rel. Larkins v. Baker* (1995), 73 Ohio St.3d 658, 653 N.E.2d 701, presented a similar issue. There, the petitioner's signed jury waiver (like Otte's) was physically located in the case file but had not been file-stamped. We held that, despite *Dallman*'s requirement of strict compliance with R.C. 2945.05, the trial court's failure to file-stamp the waiver was not a jurisdictional defect. *Id.* at 661, 653 N.E.2d at 703. When we later decided *Pless*, we distinguished *Larkins* in part because "the record before us contains no evidence that appellant's signed jury waiver form was ever included in the trial court's case file." *Pless*, 74 Ohio St.3d at 339, 658 N.E.2d at 770.

---

1. CR-279973 is the case number assigned to Otte's case in the common pleas court.

**{¶ 10}** Thus, had Otte's appellate counsel raised the *Pless* issue, there is no reasonable probability that the result would have been different; Otte would have lost anyway. This being the case, Otte has failed to carry his burden of showing the existence of "a genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). We therefore affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Sherry F. McCreary*, Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker*, Ohio Public Defender, *Wendi Dotson* and *Jennifer P. Hite*, Assistant Public Defenders, for appellant.

————————————