CITY OF ZANESVILLE, APPELLANT, *v*. ROUSE, APPELLEE.

[Cite as *Zanesville v. Rouse*, 126 Ohio St.3d 1, 2010-Ohio-2218.]

*A document is "filed" when it is deposited properly for filing with the clerk of courts. The clerk's duty to certify the act of filing arises only after a document has been filed — When a document lacks an endorsement from the clerk of courts indicating that it has been filed, filing may be proved by other means.*

(No. 2009-1282 — Submitted March 9, 2010 — Decided May 26, 2010.)

APPEAL from the Court of Appeals for Muskingum County,

No. CT08-0035, 2009-Ohio-2689.

_____

SYLLABUS OF THE COURT

1. A document is "filed" when it is deposited properly for filing with the clerk of courts. The clerk's duty to certify the act of filing arises only after a document has been filed.

2. When a document lacks an endorsement from the clerk of courts indicating that it has been filed, filing may be proved by other means.

_____

LANZINGER, J.

## Case Background

{¶ 1} The appellee, Ronald T. Rouse Jr., was charged with a misdemeanor offense of domestic violence as a violation of a Zanesville ordinance. The clerk of the Zanesville Municipal Court received the complaint against Rouse, but failed to date-stamp or time-stamp the complaint. The complaint is physically located in the record, but bears no mark from the clerk's office indicating when it was filed.

**{¶ 2}** Rouse entered a plea of not guilty. Before his sentencing, he filed a motion to dismiss the charges against him on grounds that the charging complaint had not been properly filed. The city of Zanesville filed a response and attached an affidavit of the clerk and a printout of the case docket as proof that the complaint had been filed.

**{¶ 3}** The trial court overruled the motion, found Rouse guilty, sentenced him to a jail term, and imposed a fine.

**{¶ 4}** The court of appeals reversed the judgment of the trial court, reasoning that the complaint had not been filed and thus the jurisdiction of the trial court had never been invoked. The court of appeals held the judgment against Rouse to be void for lack of subject-matter jurisdiction, relying on *State v. Sharp*, Knox App. Nos. 08 CA 000002, 08 CA 000003, and 08 CA 000004, 2009-Ohio-1854. We reverse the judgment of the court of appeals.

**Analysis**

**{¶ 5}** The filing of a complaint invokes the jurisdiction of the municipal court. See *State v. Miller* (1988), 47 Ohio App.3d 113, 114, 547 N.E.2d 399, citing *State v. Brown* (1981), 2 Ohio App.3d 400, 2 OBR 475, 442 N.E.2d 475. It follows that if a complaint is not filed in a case, the trial court has not obtained jurisdiction over it. Thus, the question before us is whether a complaint against Rouse actually was filed. Rouse urges us to declare that because the complaint does not bear the appropriate file stamp, the complaint was not filed and concomitantly the judgment against him is void.

**{¶ 6}** Under several Ohio statutes, the clerk of a municipal court is required to maintain a docket for each case, enter, when each document is filed, the date of filing for each document on that docket, and endorse (statutes use the

2

word "indorse") the time or date of filing on each document. See R.C. 1901.31,[1] 2303.08,[2] and 2303.10.[3] Similarly, Sup.R. 26.05(B)(2) requires that "[u]pon the filing of any paper or electronic entry permitted by the municipal or county court, a stamp or entry shall be placed on the paper or electronic entry to indicate the day, month, and year of filing." The Zanesville municipal clerk failed in this case to properly endorse the complaint with the time or date of filing.

**{¶ 7}** We observe, however, that the filing of a document does not depend on the performance of a clerk's duties. A document is "filed" when it is deposited properly for filing with the clerk of courts. The clerk's duty to certify the act of filing arises only after a document has been filed. This is implicit in the statutes and rules regarding filing. See R.C. 1901.31, 2303.08, 2303.10, and 2303.31, and Sup.R. 26.05 and 44. For instance, Sup.R. 44(E) provides that " '[f]ile' means to deposit a document with a clerk of court, *upon the occurrence of which* the clerk time or date stamps and dockets the document." (Emphasis added.) Thus, a party "files" by depositing a document with the clerk of court, and then the clerk's duty is to certify the act of filing. In short, the time or date stamp does not cause the filing; the filing causes the certification.

---

1. {¶ a} R.C. 1901.31(E) provides: "The [municipal court] clerk shall do all of the following: file and safely keep all journals, records, books, and papers belonging or appertaining to the court * * *.

{¶ b} "The clerk shall prepare and maintain a general index, a docket, and other records that the court, by rule, requires, all of which shall be the public records of the court. In the docket, the clerk shall enter, at the time of the commencement of an action, the names of the parties in full, the names of the counsel, and the nature of the proceedings. Under proper dates, the clerk shall note the filing of the complaint, issuing of summons or other process, returns, and any subsequent pleadings."

2. R.C. 2303.08 provides: "The clerk of the court of common pleas [and every other clerk of a court of record, see R.C. 2303.31] shall indorse on each pleading or paper in a cause filed in the clerk's office the time of filing * * *."

3. R.C. 2303.10 provides: "The clerk of the court of common pleas [and every other clerk of a court of record, see R.C. 2303.31] shall indorse upon every paper filed with him the date of the filing thereof * * *."

**{¶ 8}** This court has long recognized the difference between filing and certification of filing by the clerk. In *King v. Penn* (1885), 43 Ohio St. 57, 1 N.E. 84, we held that "[w]hen a paper is in good faith delivered to the proper officer to be filed, and by him received to be kept in its proper place in his office, it is 'filed.' The indorsement upon it by such officer of the fact and date of filing is but evidence of such filing." Id. at 61. Furthermore, when a document is filed, the clerk's failure to file-stamp it does not create a jurisdictional defect. *State v. Otte* (2002), 94 Ohio St.3d 167, 169, 761 N.E.2d 34, citing *State ex rel. Larkins v. Baker* (1995), 73 Ohio St.3d 658, 653 N.E.2d 701. That the clerk's duties were not carried out properly in this case does not mean that the complaint was not, in fact, filed.

**{¶ 9}** Nevertheless, certification by a clerk on a document attests that it was indeed filed. Had the complaint been endorsed with "the fact and date of filing" by the clerk, this would be evidence of the filing. *King,* 43 Ohio St. at 61, 1 N.E. 84.

**{¶ 10}** But in the absence of a time or date stamp from the clerk, the question is whether there is sufficient evidence from which a court may determine that the document actually was filed. In *Ferrebee v. Boggs* (1969), 18 Ohio St.2d 87, 88, 47 O.O.2d 237, 247 N.E.2d 753, the appellant had filed her bill of exceptions (containing the evidence submitted to the trial court), but the clerk had failed to "officially stamp" it. We held that the lack of the clerk's stamp did not prevent the court of appeals from considering the contents of the bill, because it was "clear from the record, the briefs and oral argument" that the bill had been filed. Id. When a document lacks an endorsement from the clerk of courts indicating that it has been filed, filing may be proved by other means. Here, there is sufficient evidence that the complaint was deposited with the clerk of courts.

**{¶ 11}** When the named defendant filed his motion to dismiss based upon lack of jurisdiction, Zanesville responded with a brief and exhibits, including a

printout of the electronic docket sheet and an affidavit from the clerk of courts, as proof that the case had been filed. The clerk's affidavit explains that it is clear from her records that the complaint was filed on February 28, 2006, because the electronic docket for this case indicates a "filing date" of February 28, 2006. Furthermore, it was the clerk's practice to create a new case file and corresponding electronic docket upon receipt of a complaint, and such a file and docket were created. In short, the docketing of the case shows that the clerk actually received the complaint. Based on these facts, the trial court correctly determined that the complaint had been filed and correctly overruled Rouse's motion to dismiss.

### Conclusion

{¶ 12} For the foregoing reasons, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

Judgment reversed.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, and CUPP, JJ., concur.

O'DONNELL, J., concurs separately.

BROWN, C.J., not participating.

_____

**O'DONNELL, J., concurring.**

{¶ 13} I concur and would reverse the judgment of the court of appeals based on the holding in *King v. Penn* (1885), 43 Ohio St. 57, 61, 1 N.E. 84, which stands for the proposition that "[w]hen a paper is in good faith delivered to the proper officer to be filed, and by him received to be kept in its proper place in his office, it is 'filed.' The indorsement upon it by such officer of the fact and date of filing is but evidence of such filing."

_____

Scott T. Hillis, Zanesville Law Director, and Susan E. Small, Assistant Law Director, for appellant.

Elizabeth N. Gaba and David T. Spencer, for appellee.

_____