[Cite as *State ex rel. Untied v. Ellwood*, 2011-Ohio-2836.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, EX REL., | : | JUDGES: |
| DAVID UNTIED | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Relator/Petitioner | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | Case No. 11 CA 07 |
| | : | |
| GUERNSEY COUNTY COURT | : | |
| OF COMMON PLEAS | : | |
| JUDGE DAVID A. ELLWOOD | : | O P I N I O N |
| | : | |
| and | : | |
| | : | |
| GUERNSEY COUNTY CLERK OF | : | |
| COURT, TERESA DANKOVIC | : | |
| | : | |
| Respondents | : | |


CHARACTER OF PROCEEDING:     Appeal from the Guernsey County Court of
                             Common Pleas, Case No. 09-CR-83


JUDGMENT:                    Dismissed


DATE OF JUDGMENT ENTRY:      June 9, 2011


APPEARANCES:

For Relator/Petitioner                   For Respondent, Teresa Dankovic

DAVID UNTIED, PRO SE                     DANIEL G. PADDEN
9015 Raiders Road                        Guersney County Prosecutor
Frazeysburg, OH 43822                    139 West Eighth Street
                                         P. O. Box 640
                                         Cambridge, OH 43725

                                         David A. Ellwood, Judge, Pro Se
                                         Guernsey County Common Pleas Court
                                         801 E. Wheeling Avenue
                                         Cambridge, OH 43725

*Farmer, J.*

{¶1} On February 16, 2010, Relator was convicted of passing bad checks and sentenced to a term of community control for a period of one year. On February 16, 2011, the trial court prepared a judgment entry setting a community control violation hearing for March 28, 2011. Relator argues he was placed on community control at 10:30 a.m. on February 16, 2010, therefore, his community control ended at 10:30 a.m. on February 16, 2011. It is Relator's assertion that the trial court lost subject matter jurisdiction over the community control violation after 10:30 a.m. on February 16, 2011. The Complaint in this case names two Respondents: Judge Ellwood and the Clerk of Courts. Relator seeks a writ of mandamus ordering the Clerk of Courts to time stamp all documents presented to it in this case.

{¶2} Relator filed an Affidavit of Disqualification with the Supreme Court which Relator argues prevents Respondent Ellwood from holding the community control violation hearing on March 28, 2011. Subsequent to the filing of this Complaint, Respondent Ellwood stayed the March 28, 2011 hearing until the Supreme Court issued a ruling on the Affidavit of Disqualification. Relator seeks a writ of prohibition to prevent Respondent Ellwood from holding a community control violation hearing.

{¶3} For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondents must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225.

{¶4 } In order for a writ of prohibition to issue, petitioner must prove that: (1) the lower court is about to exercise judicial authority; (2) the exercise of authority is not authorized by law; and, (3) the petitioner has no other adequate remedy in the ordinary course of law if a writ of prohibition is denied. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 178, 631 N .E.2d 119. A writ of prohibition, regarding the unauthorized exercise of judicial power, will only be granted where the judicial officer's lack of subject-matter jurisdiction is patent and unambiguous. *Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 562 N.E.2d 125. *State ex rel. Daniels v. Harris,* 2008 WL 5197131, 1 (Ohio App. 5 Dist.). Prohibition will not issue where there is an adequate remedy at law. *Id.*

{¶5 } Relator advances two reasons why the community control violations hearing should not be held. First, he argues the trial court lacks jurisdiction because Relator filed an Affidavit of Disqualification with the Supreme Court. Second, Relator argues the trial court lost jurisdiction once Relator's community control ended.

{¶6 } With regard to the Affidavit of Disqualification, the trial court stayed the hearing until the Supreme Court issued a ruling on the Affidavit. For this reason, the requested writ is moot because the relief sought was already granted by the trial court's stay of proceedings. See *State ex rel. Denton v. Bedinghaus* (2003), 98 Ohio St.3d 298, 304, 784 N.E.2d 99, 105. Furthermore, the Supreme Court has now denied the Affidavit of Disqualification which also makes this portion of the Complaint moot.

{¶7 } Next, Relator argues a writ should issue because the trial court lacks jurisdiction to hold a community control violation hearing because Relator's community control expired prior to the filing of the entry setting the matter for a hearing. Within this

argument, Relator offers two reasons in support of his argument. First, he argues his community control expired at 10:30 a.m. on February 16, 2011. He maintains that the Clerk was required to place a stamp on the entry bearing the time it was filed. Second, he argues the entry was not filed by the Clerk on February 16, 2011. He suggests it was not fully filed until it was placed on the Clerk's online docket which was on February 22, 2011.

{¶8 } With regard to the notion that Relator's community control would end at a particular time during the day, we have previously held that there are no partial days. It is the common-law rule that there is no fraction of a day. *State v. Clark* (1993), 84 Ohio App.3d 789, 791, 618 N.E.2d 257, 258. For this reason, this portion of Relator's argument is overruled.

{¶9 } We will now examine whether there is a duty on the part of the Clerk of Courts duty to time stamp documents. Even assuming arguendo the Clerk was required to place a time stamp on the document, the Supreme Court has held, "[W]hen a document is filed, the clerk's failure to file-stamp it does not create a jurisdictional defect. *State v. Otte* (2002), 94 Ohio St.3d 167, 169, 761 N.E.2d 34, citing *State ex rel. Larkins v. Baker* (1995), 73 Ohio St.3d 658, 653 N.E.2d 701." *Zanesville v. Rouse* (2010), 126 Ohio St.3d 1, 3, 929 N.E.2d 1044, 1046. For this reason, we find any alleged failure of the clerk to put a time stamp on the document does not deprive the trial court of jurisdiction over the community control violation.

{¶10 } Further, we find the entry in question bears a file stamp with the endorsement of the Clerk of Courts dated February 16, 2011. We find this file stamp to be evidence of the filing of this entry on this date. Again, the Supreme Court held,

"Certification by a clerk on a document attests that it was indeed filed."  *Zanesville v. Rouse* (2010), 126 Ohio St.3d 1, 3, 929 N.E.2d 1044, 1046.

{¶11 } The Supreme Court has recently considered a case very similar to the case at bar wherein the Relator argued the trial court lacked jurisdiction over a community control violation because the hearing on the violation was to be held after the community control term ended.   In its holding, the Supreme Court stated, "[T]he court was authorized to conduct proceedings on the alleged community-control violations even though they were conducted after the expiration of the term of community control, provided that the notice of violations was properly given and the revocation proceedings were commenced before the expiration."  *State ex rel. Hemsley v. Unruh* (2011), 943 N.E.2d 1014, 1017.   The community control proceedings in the underlying criminal case were commenced prior to the expiration of the term of community control, therefore, the trial court does not patently and unambiguously lack jurisdiction.

{¶12 } Finally, the Supreme Court in *Helmsley* found prohibition is precluded when raising a jurisdictional challenge to a community control violation because an adequate remedy at law exists, "[The Petitioner] has an adequate remedy by way of appeal and motion for stay of the court's judgment pending appeal to raise his jurisdictional claim."  *State ex rel. Hemsley v. Unruh* (2011), 943 N.E.2d 1014, 1018.

{¶13 } For these reasons, Respondent's motion to dismiss is granted.

By Farmer, J.

Gwin, J.  and

Delaney, J. concur.

_s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_s/ Patricia A. Delaney_____

JUDGES

SGF/as

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, EX REL.,<br>DAVID UNITIED | : | |
| | : | |
| | : | |
| Relator/Petitioner | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| GUERNSEY COUNTY COURT OF<br>COMMON PLEAS, JUDGE<br>DAVID A. ELLWOOD | : | |
| | : | |
| | : | |
| and | : | Case No. 11 CA 07 |
| | : | |
| GUERNSEY COUNTY CLERK OF<br>COURT, TERESA DANKOVIC | : | |
| | : | |
| Respondents | | |

For the reasons stated in our accompanying Memorandum-Opinion, the

Complaint for Writ of Prohibition and/or Writ of Mandamus is dismissed.

Costs to Relator.

s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_s/ Patricia A. Delaney_____

JUDGES