[Cite as *Zanesville v. Rouse*, 2011-Ohio-3351.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

CITY OF ZANESVILLE

     Plaintiff-Appellee

-vs-

RONALD T. ROUSE, JR.

     Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Julie A. Edwards, J.

Case No. CT08-0035

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Zanesville Municipal Court of Muskingum County, Case No. 06CRB00319 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 1, 2011 |

APPEARANCES:

For Plaintiff-Appellee

For Defendant-Appellant


SCOTT HILLIS
Zanesville City Law Director

By: SUSAN E. SMALL
Assistant Law Director
825 Adair Avenue
Zanesville, Ohio 43830

ELIZABETH N. GABA
1231 East Broad Street
Columbus, Ohio 43205

*Hoffman, P.J.*

{¶1}    This cause comes before this Court upon remand from the Ohio Supreme Court pursuant to *City of Zainesville v. Rouse*, 126 Ohio St.3d 1, 2010-Ohio-2218, to address Rouse's original assignments of error previously found by this Court to be moot.

STATEMENT OF THE FACTS AND CASE

{¶2}    On February 27, 2006, Rouse was arrested for domestic violence, in violation of Zanesville Ordinance 537.14A. The trial court scheduled the matter for trial on April 5, 2006, but Rouse failed to appear.  Rouse subsequently appeared on April 13, 2006, and entered a plea of guilty to the charge. The trial court stayed sentencing until October 26, 2006, to allow Rouse to complete an anger management program.

{¶3}    Rouse did not complete the anger management program as he was incarcerated in July, 2006, on unrelated charges. Rouse informed the trial court he still wished to complete the program, and was scheduled to be released from jail in December, 2006. The trial court stayed the matter until July 6, 2007, again giving Rouse time to complete the anger management program.

{¶4}    On July 20, 2007, Rouse filed a motion to dismiss, alleging the trial court lacked subject matter jurisdiction to entertain the State's prosecution as a criminal complaint had never been filed. Rouse further argued the temporary protection order was void or unenforceable as a result. The City filed a memorandum contra. Rouse filed a response thereto, which was followed by the City's response. The trial court conducted a hearing on the motions on June 9, 2008. Via Judgment Entry filed June 9, 2008, the trial court overruled Rouse's motion to dismiss. The trial court then proceeded

to enter a finding of guilty on his plea, sentenced him to ten days in jail and imposed a fine of $50.00. The trial court suspended the jail time and fine as Rouse was serving a fifteen year sentence in a state correctional facility. The trial court memorialized its finding of guilt and sentence via Judgment Entry also filed June 9, 2008.

{¶5} Rouse appealed. This Court vacated the conviction and sentence as well as the temporary protection order. *City of Zainesville v. Rouse*, Muskingum App. No. CT08-0035, 2009-Ohio-2689. The City appealed. The Ohio Supreme Court reversed our decision and reinstated the judgment of the trial court. *City of Zainesville v. Rouse*, supra. Via Reconsideration Entry filed August 17, 2010, the Ohio Supreme Court remanded the matter to this Court "for consideration of [Rouse's] assignments of error held to be moot."

{¶6} Based upon the Ohio Supreme Court's August 17, 2010 Reconsideration Entry, we shall consider Rouse's first, third, and fourth assignments of error:

{¶7} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO DISMISS APPELLANT'S CASE WITH PREJUDICE, BASED UPON THE FACT THAT THE COMPLAINT HAD NEVER BEEN FILED IN VIOLATION OF DEFENDANT'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS OF LAW.

{¶8} "III. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO DISMISS APPELLANT'S CASE WITH PREJUDICE, BASED UPON THE FACT THAT THE APPELLANT'S STATUTORY RIGHT TO A SPEEDY TRIAL HAD BEEN VIOLATED.

{¶9} "IV. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO DISMISS APPELLANT'S CASE WITH PREJUDICE, BASED UPON THE FACT THAT

THE APPELLANT'S CONSTITUTIONAL RIGHT TO COUNSEL AND PROTECTIONS

UNDER CRIMINAL RULES 11 AND 44 HAD BEEN VIOLATED."

I

{¶10} In his first assignment of error, Rouse contends the trial court abused its discretion by failing to dismiss his case with prejudice as the City never filed a Complaint. We overrule this assignment of error for the reasons set forth in the Ohio Supreme Court's decision in *City of Zainesville v. Rouse*, supra.

III

{¶11} In his third assignment of error, Rouse maintains the trial court violated his statutory speedy trial right by failing to dismiss the matter.  We disagree.

{¶12} The Supreme Court of Ohio has held "where an accused has entered a plea of guilty he waives his right to raise the denial of his right to a speedy trial on appeal." *State v. Kelley* (1991), 57 Ohio St.3d 127, 130, 566 N.E.2d 658, citing *Montpelier v. Greeno* (1986), 25 Ohio St.3d 170, 495 N.E.2d 581.  This holding applies herein despite the fact Rouse entered his guilty plea in April, 2006, but was not found guilty and sentenced until June, 2008.

{¶13} Accordingly, Rouse's third assignment of error is overruled.

IV

{¶14} In his fourth assignment of error, Rouse asserts the trial court violated his Constitutional right to counsel as well his rights under Crim. R. 11 and 44. Specifically, Rouse submits the trial court violated his rights by failing to appoint an attorney for him or having him voluntarily, intelligently, and knowingly waive such right; by accepting his

plea without undertaking a Crim. R. 11 colloquy; and by failing to inquire and determine whether Rouse's plea was voluntarily, intelligently, and knowingly entered.

{¶15} Crim. R. 11 governs pleas and a defendant's rights upon entering a plea as follows:

{¶16} "(A) Pleas

{¶17} "A defendant may plead not guilty, not guilty by reason of insanity, guilty or, with the consent of the court, no contest. A plea of not guilty by reason of insanity shall be made in writing by either the defendant or the defendant's attorney. All other pleas may be made orally. The pleas of not guilty and not guilty by reason of insanity may be joined. If a defendant refuses to plead, the court shall enter a plea of not guilty on behalf of the defendant.

{¶18} "* * *

{¶19} "(D) Misdemeanor cases involving serious offenses

{¶20} "In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily. Where the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim. R. 44 by appointed counsel, waives this right.

{¶21} "(E) Misdemeanor cases involving petty offenses

**{¶22}** "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."  Id.

**{¶23}** Crim. R. 2(D) defines a "petty offense" as: "a misdemeanor other than a serious offense."  "Serious offense" is defined as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement *for more than* six months." Crim.R. 2(C). Emphasis added. The offense of domestic violence as charged against Rouse is a first degree misdemeanor for which the penalty prescribed by law does not include confinement for more than six months. R.C. 2929.24. Thus, the trial court was required to follow the procedure set forth in Crim. R. 11(E).  It does not require the trial court personally address the defendant as does Crim.R. 11(D).

**{¶24}** No record of the February 28, 2006 arraignment exists.  On September 28, 2008, prior to filing his Brief to this Court in his original appeal, Rouse filed a Motion for Leave to Supplement the Record. Rouse sought to supplement the record with Judge William D. Joseph's signed recollection of the February 28, 2006 arraignment as well as a transcript of the judge's testimony during Rouse's trial on a separate felony charge.  This Court granted Rouse's motion, permitting him to supplement the record. However, from our review, nothing in the documents affirmatively demonstrates Appellant was not properly advised of his right to counsel and did not waive the same, or that he was improperly advised of his other Crim.R. 11 rights.[1]

**{¶25}** Rouse, as the original appellant, had the responsibility of providing this Court with a record of the facts, testimony, and evidentiary matters which were

---

[1] Judge Joseph's testimony was limited to the issuance of the TPO.

necessary to support his assignments of error. See *Volodkevich v. Volodkevich* (1989), 48 Ohio App.3d 313, 314; *Artful Builders, Inc. v. Bohinc* (Jan. 5, 1994), Summit App. No. 16215, unreported, at 4-5.

{¶26} In the absence of a transcript or a substitute statement of the evidence as permitted by App.R. 9(C) and (D), an appellate court must presume the validity of the lower court's proceedings and affirm. *Buckingham, Doolittle & Burroughs v. Brady* (Feb. 1, 1995), Summit App. No. 16835, unreported, at 2, citing K*napp v. Edwards Labs.* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. See, also, *Helton v. Helton* (1994), 102 Ohio App.3d 733, 737, 658 N.E.2d 1.

{¶27} Based upon the foregoing, Rouse's fourth assignment of error is overruled.

{¶28} The judgment of the Zanesville Municipal Court is affirmed.

By: Hoffman, P.J.

Wise, J.  and

Edwards, J. concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


CITY OF ZANESVILLE

      Plaintiff-Appellee              :

-vs-                             :         JUDGMENT ENTRY

RONALD T. ROUSE, JR.        :

      Defendant-Appellant    :         Case No. CT08-0035


For the reasons stated in our accompanying Opinion, the judgment of the Zanesville Municipal Court is affirmed. Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS