[Cite as *State v. Smith*, 2013-Ohio-3154.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99428**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PAUL A. SMITH

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-344957

**BEFORE:** S. Gallagher, J., Stewart, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 18, 2013

**FOR APPELLANT**

Paul A. Smith, pro se
Inmate #333-052
P.O. Box 57
Marion, OH   43301


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: T. Allan Regas
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant Paul A. Smith appeals the decision of the Cuyahoga County Court of Common Pleas that denied his motion for reopening pursuant to Civ.R. 60(B) and for the issuance of a final, appealable order pursuant to Crim.R. 32(C) and R.C. 2505.02. For the reasons stated herein, we affirm the decision of the trial court.

{¶2} Following a retrial in 2003, appellant was found guilty by a jury of felonious assault with a three-year firearm specification. Appellant was also found guilty of two repeat violent offender specifications that had been bifurcated and tried to the court. The convictions were affirmed in *State v. Smith*, 8th Dist. No. 82710, 2004-Ohio-3479.

{¶3} On January 13, 2012, appellant filed a motion for amended journal entry and motion for sentencing. The trial court denied the motion for sentencing and granted in part the motion for amended journal entry. On February 21, 2012, the trial court issued a nunc pro tunc entry to correctly reflect what occurred at appellant's sentencing and included the proper notice of postrelease control. No appeal was filed.

{¶4} On December 6, 2012, appellant filed a motion for reopening pursuant Civ.R. 60(B) and for the issuance of a final, appealable order pursuant to Crim.R. 32(C) and R.C. 2505.02. The trial court denied the motion on December 18, 2012. Appellant has appealed this decision.

{¶5} In his sole assignment of error, appellant claims the trial court abused its discretion in denying his motion. Appellant argues that the trial court lacked subject matter jurisdiction because the indictment was not properly filed and that the judgment of

conviction is void. His arguments are premised upon his claim that the indictment and judgment entries lacked appropriate time stamps. We find no merit to appellant's argument.

{¶6} Our review reflects that the indictment was properly filed. "A document is 'filed' when it is deposited properly for filing with the clerk of courts. * * * Thus, a party 'files' by depositing a document with the clerk of court, and then the clerk's duty is to certify the act of filing." *Zanesville v. Rouse*, 126 Ohio St.3d 1, 2010-Ohio-2218, 929 N.E.2d 1044, ¶ 7. A time stamp is not a prerequisite to invoke jurisdiction and filing may be proved by other means. *Id*. at ¶ 8-10. In any event, a review of the record herein reflects that the indictment bears a time stamp reflecting it was received for filing on November 19, 1996. Also, the docket indicates that the clerk of court entered a docket entry reflecting the filing of the indictment the same day. As such, the trial court had jurisdiction in this matter.

{¶7} Crim.R. 32(C) provides as follows:

A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.

{¶8} In order to constitute a final, appealable order under R.C. 2505.02, a judgment of conviction must set forth "(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the

judge; and (4) *the time stamp showing journalization by the clerk of court*." (Emphasis added.) *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus, explaining Crim.R. 32(C).

{¶9} Appellant claims that the entry of sentence lacks an appropriate time stamp to indicate journalization. The sentencing entry bears a time stamp reflecting it was received for filing on March 4, 2003. The nunc pro tunc sentencing entry bears a time stamp reflecting it was filed on February 21, 2012. Entries for each of the filings appear on the docket.

{¶10} Appellant appears to be arguing that filing and journalizing are two separate acts and that the mark "received for filing" is insufficient to show journalization by the clerk. We are not persuaded by this argument. The nunc pro tunc entry bears a time stamp reflecting the judgment of conviction was "filed," and the 2003 sentencing entry has a time stamp of "received for filing." We find that the time stamps complied with the requirement set forth in Crim.R. 32(C) and were sufficient to afford notice that the documents were entered on the trial court's journal by the clerk.

{¶11} Further, our review reflects that the sentencing entry fully complied with Crim.R. 32(C) by including the guilty verdict and finding of guilty by the court, the sentence, the judge's signature, and the time stamp indicating the entry upon the journal by the clerk of court. The nunc pro tunc entry also included sufficient language that postrelease control was part of the sentence.

**{¶12}** Finally, we reject appellant's argument that he should be afforded a de novo sentencing hearing because of the inadequate notice of postrelease control in the 2003 sentencing entry, which provided "post release control is a part of this prison sentence for the maximum period allowed for the above felony(s) under R.C. 2967.28." *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 33 (holding that the new sentencing hearing is limited to the proper imposition of postrelease control). In this case, the trial court issued a nunc pro tunc entry to correctly reflect what occurred at appellant's sentencing. The court included proper notice of postrelease control, stating "post release control is a part of this prison sentence for a mandatory 3 years for the above felony(s) under R.C. 2967.28."

**{¶13}** Accordingly, we overrule appellant's assignment of error.

**{¶14}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, A.J., and
EILEEN A. GALLAGHER, J., CONCUR