[Cite as *State v. Woodard*, 2014-Ohio-932.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100167**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RENO WOODARD

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-435414 and CR-435733

**BEFORE:**   Blackmon, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**   March 13, 2014

-i-

**APPELLANT**

Reno Woodard, pro se
Inmate No. 461-073
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Mary H. McGrath
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Reno Woodard appeals pro se the trial court's denial of his motions to correct an illegal sentence and assigns the following two errors for our review:

I. The clerk of the Cuyahoga Common Pleas Court routinely fails to place a "time stamp showing journalization by the clerk of court" on the entry as required by Crim.R. 32(C).

II. Prosecution improperly used false evidence and statements to obtain a repeat violent offender specification for a prior rape that does not exist.

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶3} On March 21, 2003, the Cuyahoga County Grand Jury indicted Woodard in Case No. CR-435414 on two counts of aggravated murder with a felony- murder specification for raping the victim, notice of prior conviction for a prior rape, and a repeat violent offender specification based on the prior rape.

{¶4} In Case No. CR-435733, Woodard was indicted separately for the rape he committed in conjunction with the aggravated murder. The indictment also contained a repeat violent offender specification and notice of prior conviction based on Woodard's prior convictions for aggravated burglary and felonious assault.

{¶5} On January 12, 2004, Woodard entered a plea in Case No. CR-435414 to aggravated murder in Count 2, which was amended by deleting the felony-murder specification. Count 1 was nolled. The trial court sentenced Woodard to life with the possibility of parole after 20 years. Woodard also entered a plea to the rape

charge in Case No. CR-435733, and the trial court sentenced him to six years to run consecutive with Case No. CR-435414.

{¶6} On March 14, 2005, Woodard filed pro se motions to vacate his pleas that were denied. On May 18, 2005, Woodard filed a pro se notice of appeal, that this court denied pursuant to App.R. 4.

{¶7} On August 16, 2012, Woodard filed a motion to correct an illegal sentence in both cases. In support of his motions, he argued that his indictments were defective because the notice of prior conviction and repeat violent offender specification in each case referenced a prior rape conviction, but the prior conviction was actually for aggravated burglary and felonious assault. As a result, he argued the prosecutor used false evidence in obtaining his indictments.

{¶8} The trial court denied his motion in Case No. CR-435414 because he had waived any defect in the indictment. The trial court also denied his motion in Case No. CR-435733 because the repeat violent offender specification and notice of prior conviction properly referenced the prior convictions of aggravated burglary and felonious assault.

**Failure to Time Stamp Journalization of Order**

{¶9} In his first assigned error, Woodard argues that because the trial court's judgment entries denying his motions to correct an illegal sentence showed only a date

when the entries were received by the clerk's office, they fail to comply with the requirement set forth in Crim.R. 32(C) that a judgment entry contains a time stamp date of when the clerk's office journalized the entries.

{¶10} Crim.R. 32(C) provides in part: "A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal." In explaining this provision, the Ohio Supreme Court held:

> A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk.

*State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus, modifying *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio- 3330, 893 N.E.2d 163. We have held in the past that the time stamp regarding when the clerk received the document for filing was sufficient to satisfy the time stamp requirement. *See State v. Smith*, 8th Dist. Cuyahoga No. 99428, 2013-Ohio-3154, ¶ 10. In the instant case, the judgment entries were time stamped by the clerk when the clerk received the documents for filing. They were also noted on the court's docket as being journalized on the same date that the clerk received them for filing.

{¶11} Moreover, the failure to comply with Crim.R. 32(C) does not devoid the lower court of subject matter jurisdiction. *Zanesville v. Rouse*, 126 Ohio St.3d 1, 2010-Ohio-2218, 929 N.E.2d 1044, ¶ 8. It merely affects the appellate court's ability to review the entry because defects under Crim.R. 32(C) go to whether the entry is final.

*Lester* at ¶ 9. Because we have found Crim.R. 32(C) was sufficiently complied with, Woodard's first assigned error is overruled.

## Use of Incorrect Prior Conviction for Rape

{¶12} In his second assigned error, Woodard argues that his convictions are illegal because his indictments reference a prior rape that did not exist in the notice of prior conviction and repeat violent offender specification.

{¶13} Our review of the indictment in the rape conviction, Case No. CR-435733, shows that the correct reference is made to Woodard's prior convictions for felonious assault and aggravated burglary. There is no reference to a prior rape.

{¶14} The indictment for aggravated murder in Case No. CR-435414 does contain references to a prior rape; however, Woodard did not object to the error prior to entering his pleas. When a defendant enters a guilty plea and thereby admits that he is in fact guilty of the charged offenses, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *State v. Spates*, 64 Ohio St.3d 269, 272, 1992-Ohio-130, 595 N.E.2d 351, quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). *See also State v. Caskey*, 11th Dist. Lake No. 2010-L-014, 2010-Ohio-4697 (because defendant "entered a guilty plea, he has waived his ability to challenge the perceived constitutional irregularities of the indictment and grand jury proceedings.")

{¶15} Moreover, failure to timely object to a defect in an indictment constitutes a waiver of the error. Crim.R. 12(C)(2) (objections to defect in indictment must be raised

before trial). *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596. Any claim of error in the indictment in such a case is limited to a plain-error review on appeal. *State v. Frazier*, 73 Ohio St.3d 323, 1995-Ohio-235, 652 N.E.2d 1000; Crim.R. 52(B). In order to find plain error under Crim.R. 52(B), it must be determined, but for the error, the outcome of the proceeding clearly would have been otherwise. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph two of the syllabus.

{¶16} Here, the outcome would not have been different. Woodard's prior convictions for aggravated burglary and felonious assault also support the notice of prior conviction and the repeat violent offender specification because they are offenses of violence and felonies of the first and second degrees; therefore, the failure to state the correct felony does not effect Woodard's sentence. R.C. 2929.13(F)(6) and R.C. 2929.01(CC).

{¶17} We do not have a transcript of the plea hearing and the judgment entry does not indicate the underlying offense to the specification and notice. Therefore, we presume that Woodward properly pled to the correct specification and notification. *See Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19, 520 N.E.2d 564 (1988) (presumption that lower court proceedings not in error where relevant portion of record is omitted). Moreover, Woodard does not contend he pled to the wrong underlying offense. Accordingly, Woodard's second assigned error is overruled.

{¶18} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR