[Cite as *State v. Ervin*, 2014-Ohio-1631.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100366

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WAYNE ERVIN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-05-468885-A

**BEFORE:** Blackmon, J., Jones, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** April 17, 2014

**FOR APPELLANT**

Wayne Ervin, pro se
Inmate No. A481-583
Grafton Correctional Institution
2500 South Avon-Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   James M. Price
Assistant Prosecuting Attorney
Justice Center, 9th Floor
Courts Tower
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1}   Appellant Wayne Ervin, appeals pro se, the trial court's denial of his motion to vacate void judgment and assigns the following errors for our review:

I. The Clerk of the Cuyahoga County Common Pleas Court routinely failed to place a time stamp showing journalization by the clerk of court on the entry as required by Criminal Rule 32(C).

II. The trial court committed prejudicial error when it convicted defendant-appellant without formal accusation for acquirement of jurisdiction over subject matter.

III. Defendant-appellant was denied the right to effective assistance of counsel in violation of his right under the Sixth Amendment to the United States Constitution.

{¶2}   Having reviewed the record and pertinent law, we affirm the trial court's decision.   The apposite facts follow.

{¶3}   On August 4, 2005, the Cuyahoga County Grand Jury indicted Ervin on four counts of aggravated murder, two counts of attempted aggravated murder, two counts of aggravated burglary, six counts of aggravated robbery, and three counts of kidnapping. All charges contained one and three-year firearm specifications, while the aggravated murder charges contained mass murder specifications, felony murder specifications, and escape detection specifications.

{¶4} On May 22, 2006, the case proceeded to a jury trial.   On June 11, 2006, the jury returned guilty verdicts on all crimes charged. The jury found Ervin not guilty of the one and three-year firearm specifications, but found him guilty of the mass murder, felony murder, and escape detection specifications. The jury concluded that Ervin was not the principal offender but did conclude that he acted with prior calculation and design.

**{¶5}** After hearing all the mitigating and aggravating evidence, the jury recommended life without parole on each of the four aggravated murder counts. On July 5, 2006, the trial court sentenced Ervin to two terms of life in prison without the possibility of parole to be served consecutively. In addition, the trial court sentenced Ervin to 70 years in prison for the crimes of attempted aggravated murder, aggravated burglary, aggravated robbery, and kidnapping. The trial court imposed a $20,000 fine and informed Ervin that he would be subjected to five years of postrelease control if he was ever released from prison.

**{¶6}** On August 21, 2006, Ervin appealed his conviction. While the matter was pending on appeal, Ervin filed a petition to vacate or set aside judgment. On June 4, 2007, the trial court denied the motion to vacate, and Ervin appealed. On October 25, 2007, this court dismissed Ervin's appeal as untimely.

**{¶7}** On November 8, 2007, in *State v. Ervin*, 8th Dist. Cuyahoga No. 88618, 2007-Ohio-5942, this court affirmed Ervin's conviction. Ervin appealed to the Ohio Supreme Court, but in *State v. Ervin*, 117 Ohio St.3d 1441, 2008-Ohio-1279, 883 N.E.2d 458, the court declined to hear the case.

**{¶8}** On February 14, 2008, Ervin filed an application to reopen. On December 12, 2008, this court denied Ervin's application to reopen. *State v. Ervin*, 8th Dist. Cuyahoga No. 88618, 2008-Ohio-6660.

**{¶9}** On June 3, 2010, Ervin filed a motion to vacate void judgment and to order a new sentencing hearing. The trial court denied the motion the following month. On

December 27, 2012, Ervin filed a motion to correct illegal sentence. On February 14, 2013, the trial court denied the motion.

{¶10} On March 18, 2013, Ervin filed a motion for relief from judgment. On April 2, 2013, the trial court denied the motion. On August 5, 2013, Ervin filed a motion to vacate void judgment. The trial court denied the motion, and Ervin now appeals.

**Failure to Time Stamp Journalization of Order**

{¶11} In the first assigned error, Ervin argues the clerk of court failed to place a time stamp showing journalization of the trial court's decision denying his motion to vacate a void judgment, thereby failing to comply with the requirement set forth in Crim.R. 32(C) that a judgment entry contain a time stamp date of when the clerk's office journalizes the entry.

{¶12} Crim.R. 32(C) provides in part: "A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal." In explaining this provision, the Ohio Supreme Court held:

> A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk.

*State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus, modifying *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio- 3330, 893 N.E.2d 163. We have held in the past that the time stamp regarding when the clerk received the document for filing was sufficient to satisfy the time stamp requirement. *See State v. Smith*, 8th Dist. Cuyahoga No. 99428, 2013-Ohio-3154, ¶ 10. In the instant case, the

judgment entry was time stamped by the clerk when the clerk received the document for filing. It was also noted on the court's docket as being journalized on the same date that the clerk received it for filing.

**{¶13}** Moreover, the failure to comply with Crim.R. 32(C) does not devoid the lower court of subject matter jurisdiction. *Zanesville v. Rouse*, 126 Ohio St.3d 1, 2010-Ohio-2218, 929 N.E.2d 1044, ¶ 8. It merely affects the appellate court's ability to review the entry because defects under Crim.R. 32(C) go to whether the entry is final. *Lester* at ¶ 9. Because we have found Crim.R. 32(C) was sufficiently complied with, Ervin's first assigned error is overruled.

## Conviction Without Formal Complaint

**{¶14}** In the second assigned error, Ervin argues the trial court erred and was without subject matter jurisdiction when it convicted him without a formal complaint. Ervin's argument reflects a misunderstanding of Ohio criminal process.

**{¶15}** Minor criminal prosecutions may be initiated by complaint as provided in Crim.R. 3. Felonies, such as aggravated murder, may only be initiated by indictment of the grand jury. Section 10, Article I, Ohio Constitution ("no person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury"); Crim.R. 7(A) ("all * * * felonies shall be prosecuted by indictment"). It is well established then, that a criminal prosecution may be initiated by indictment as well as by complaint. *State ex rel. Richardson v. Winston*, 8th Dist. Cuyahoga No. 80425, 2001-Ohio-4145, ¶ 2; *State ex rel. Dozier v. Court of Common Pleas*, 8th Dist. Cuyahoga No. 76151, 1999 Ohio App. LEXIS 2544, ¶1-2 (June 3, 1999).

**{¶16}** In the instant case, the 17-count indictment against Ervin adequately informed him of the charges against him and of the essential elements. Where, as here, the indictment adequately provides the defendant with notice of the charges against him, the trial court possesses and properly exercises subject matter jurisdiction. *State v. Luther*, 11th Dist. Ashtabula No. 2003-A-0130, 2005-Ohio-950. As such, we find no merit in Ervin's allegation. Accordingly, we overrule the second assigned error.

### Ineffective Assistance of Counsel

**{¶17}** In the third assigned error, Ervin argues he was denied the right to the effective assistance of counsel.

**{¶18}** The doctrine of res judicata is a common doctrinal hurdle that postconviction relief petitioners must clear.

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Warmus*, 8th Dist. Cuyahoga No. 99962, 2014-Ohio-928, citing *State v. Abdussatar*, 8th Dist. Cuyahoga No. 92439, 2009-Ohio-5232, ¶ 13.

**{¶19}** In the instant case, Ervin argues that counsel was ineffective for failing to attack the validity of the existence of a complaint or proper affidavit. However, Ervin could have raised this in his direct appeal. As such, this claim is barred by the doctrine of res judicata. Accordingly, we overrule the third assigned error.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

LARRY A. JONES, SR., P.J., and
KENNETH A. ROCCO, J., CONCUR