[Cite as *State v. Brown*, 2015-Ohio-3957.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 13 MA 175 |
| VS. | ) | |
| | ) | OPINION |
| MILOUS BROWN | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 09 CR 557

JUDGMENT: Affirmed.

APPEARANCES:
For Plaintiff-Appellee

Attorney Ralph Rivera
Assistant County Prosecutor
Mahoning County Prosecutor's Office
21 W. Boardman Street, 6th Floor
Youngstown, Ohio 44503-1426

For Defendant-Appellant

Milous Brown, Pro Se
#603-569
P.O. Box 540
Saint Clairsville, Ohio 43950-0540

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: September 23, 2015

DeGENARO, J.

{¶1} Defendant-Appellant, Milous Brown, appeals the judgment of the Mahoning County Court of Common Pleas denying him post-conviction relief. Although the trial court denied Brown's petition because it contained no substantive basis and was barred by res judicata; it should have been dismissed because it was never properly filed and thus untimely. Accordingly, because the trial court reached the right result, although based upon an incorrect reason, the judgment is affirmed.

{¶2} On May 28, 2009, Milous Brown was indicted on two counts of gross sexual imposition and one count of rape. The rape count was severed and proceeded to a bench trial resulting in a conviction for the lesser included offense of gross sexual imposition. Brown appealed and this court affirmed. *State v. Brown*, 7th Dist. No. 12 MA 118, 2014-Ohio-4158, and a motion for post-conviction relief was deemed untimely. *State v. Brown*, 7th Dist. No. 13 MA 176, 2014-Ohio-4008.

{¶3} Relevant to the instant appeal, Brown was convicted by a jury on the gross sexual imposition counts; Brown appealed and this court affirmed. *State v. Brown*, 7th Dist. No. 11 MA 117, 2013-Ohio-5528. An application to reopen with this court was denied, *State v. Brown*, 7th Dist. No. 11 MA 117, 2014-Ohio-4831, and motions for delayed appeal and reconsideration were denied by the Ohio Supreme Court.

{¶4} Based upon the pleadings and the trial court's journal entry, we have gleaned from this particularly limited record that, apparently, Brown drafted a petition for post-conviction relief and served the State on March 28, 2012. The State responded by filing a motion to dismiss two weeks later. However, Brown's petition is not contained in the record, nor noted on the docket; thus, we are forced to conclude that the petition was never filed with the clerk of courts. Somehow the trial court obtained an unfiled copy of Brown's petition, which was considered by the trial court when it denied the petition. Seeing the discrepancy in the record, this Court issued an entry ordering the trial court to enter a further order on the omission.

{¶5} The trial court issued a brief judgment entry in response to this Court's

mandate: "The record should reflect that the Amended Notice of Post-conviction Relief was reviewed as part of the record, Nunc Pro Tunc to November 16, 2012, (sic)." The trial court denied the petition holding that it contained no substantive grounds for relief and was barred by res judicata as the claims alleged could have been raised on direct appeal.

{¶6} Brown had 180 days from the date the transcripts were filed in his direct appeal of the two GSI convictions to file his petition in order for it to be considered timely. As of the date of this opinion, Brown has yet to file his post-conviction petition.

{¶7} All three of Brown's assignments of error challenge the trial court's denial of his petition for post-conviction relief, and they assert:

> The trial court violated the appellants (sic) rights with its blanket denial of "res judicata" on his post-conviction relief petition filed under R.C. 2953.21 which covered violations of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

> The trial court violated the appellants (sic) rights with its blanket denial of no "substantive grounds for relief" and "failed to establish these allegations with evidence dehors the record" on his post-conviction relief petition filed under R.C. 2953.21 which covered violations of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

> The trial court violated the appellants (sic) rights when it denied his post-conviction petition without filing findings of fact and conclusions of law. R.C. 2953.21.

{¶8} The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. *State v. Calhoun,* 86 Ohio St.3d 279, 281, 1999-Ohio-102, 714 N.E.2d 905. Under R.C. 2953.21, relief from a judgment or sentence is available for a person convicted of a criminal offense who demonstrates that "there was such a denial or infringement of the person's rights as

to render the judgment void or voidable under the Ohio Constitution or the Constitution of the UnitedStates[.]" *Calhoun*, at 283.

**{¶9}** We need not reach the arguments raised by Brown's post-conviction motion as it has never been properly filed with the trial court. "A document is 'filed' when it is deposited properly for filing with the clerk of courts." *Zanesville v. Rouse*, 126 Ohio St.3d 1, 2010-Ohio-2218, 929 N.E.2d 1044, syllabus. The Ninth District encountered a similar situation in *State v. Tierney*, 9th Dist. No. 78847, 2002-Ohio-2607 stating:

> We note again that there is no record on the docket that any such motion was filed. Appellant attached a motion to suppress to his brief that he submitted to this court. The docket shows other filings Tierney made pro se. We therefore need not consider this motion at all. The record on appeal consists of "[t]he original papers and exhibits thereto *filed in the trial court* * * * and a certified copy of the docket and journal entries [.]" App.R. 9(A) (emphasis added). Because appellant's motion was never properly filed with the trial court, it does not constitute part of the record for this appeal.

*Tierney*, ¶ 34.

**{¶10}** Brown failed to file his motion for post-conviction relief. As such, it was not a part of the record and cannot be considered herein. "It is the duty of the appellant to ensure that the record on appeal is complete." *State v. Daniels,* 9th Dist. No. 08CA009488, 2009–Ohio–1712, at ¶ 22, quoting *Lunato v. Stevens Painton Corp.,* 9th Dist. No. 08CA009318, 2008–Ohio–3206, at ¶ 11. Accordingly, the

decision of the trial court is affirmed.

Donofrio, PJ, concurs

Waite, J., concurs