[Cite as *State v. Pointer*, 2011-Ohio-5072.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                 :

     Plaintiff-Appellee     :    C.A. CASE NO. 24446

vs.                      :    T.C. CASE NO. 97CR449

WILLIAM L. POINTER      :    (Criminal Appeal from
                             Common Pleas Court)
     Defendant-Appellant    :

. . . . . . . . .

O P I N I O N

Rendered on the 30th day of September, 2011.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Carley J. Ingram, Asst. Pros. Attorney, Atty. Reg. No. 0020084, P.O. Box 972, Dayton, OH  45422

    Attorney for Plaintiff-Appellee

William L. Pointer, #626-192, P.O. Box 7010, Chillicothe, OH  45601

    Defendant-Appellee, Pro Se

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, William L. Pointer, appeals from a judgment of the Montgomery County Common Pleas Court that overruled Defendant's motion to vacate his judgment of conviction.

{¶ 2} In 1997, Defendant pled guilty to one count of felonious

assault and one count of involuntary manslaughter.  The trial court accepted the pleas and sentenced Defendant to concurrent prison terms of seven years for the felonious assault and nine years for the involuntary manslaughter.  The offenses mandate terms of post-release control of three and five years.  In its judgment of conviction, the court ordered:

{¶ 3} "Following the defendant's release from prison, the defendant will/may serve a period of post-release control under the supervision of the parole board."

{¶ 4} Defendant did not appeal his conviction and sentence.  Defendant completed serving his sentence and was released from prison on post release control on March 4, 2007.  Defendant's post release control supervision was terminated by the Adult Parole Authority on February 25, 2010.

{¶ 5} On August 30, 2010, Defendant filed a "motion to vacate void sentence and judgment of conviction."  Defendant argued that the trial court failed to properly impose the mandatory three and five year terms of post release control which apply to his convictions, a defect that renders both his convictions and sentences void.  The State filed a memorandum contra Defendant's motion.

{¶ 6} On January 11, 2011, the trial court filed its Decision and Entry overruling Defendant's motion.  The trial court held:

{¶ 7} "On August 30, 2010 Defendant filed a *Motion to Vacate Void Sentence and Judgment of Conviction*. The motion has been reviewed.

{¶ 8} "On August 07, 1997, *Termination Entry* was filed in this matter. Defendant was convicted of felonious assault and involuntary manslaughter. The Defendant was sentenced to a term of seven (7) years on the felonious assault conviction and a term of nine (9) years on the involuntary manslaughter conviction. The terms were to be served concurrent with each other but consecutive to Defendant's sentence in another case. Defendant did not appeal the conviction. Defendant served his sentence and was released. He was placed on supervision by the adult parole authority after service of his sentence. His supervision was terminated on February 25, 2010.

{¶ 9} "Defendant asserts the conviction in this case is void because the post-release control was purportedly not properly imposed. The custom at that time was to place in the termination entry alternative language of 'will or may.' That practice has since been determined to be improper.

{¶ 10} "The court concludes that Defendant's motion is moot. Defendant did not appeal his convictions. He served his sentence and was released. He was placed under supervision upon release, but supervision was terminated in February of 2010. Defendant

did not file this motion until August 30, 2010. The Supreme Court has essentially held that an error with respect to imposition of post release control does not necessarily cause the conviction to be void. In *State v. Fischer*, the Ohio Supreme Court held that although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of the conviction, including the determination of guilt and lawful elements of the ensuing sentence.

{¶ 11} "So, Defendant's underlying convictions for felonious assault and involuntary manslaughter remain and are res judicata as far as any attack on those convictions. Defendant did not appeal his sentence. He did not seek any type of post-conviction relief.

{¶ 12} "The Defendant did not specifically challenge his post-release control until after it was terminated. Even assuming the post-release control is not properly imposed in 1997 he is bound by it. Defendant did not object to it. It appears from *Fischer* that he would not have been barred by res judicata from attacking the post-release control component of his sentence, even if he had so moved in the course of his incarceration or while he was under supervision, but he never challenged the supervision component of the termination entry. It is not reasonable to think that the Defendant can have that reviewed after the sentence has been served and the supervision terminated.

{¶ 13} "Accordingly, Defendant's *Motion to Vacate* his 1997 conviction is OVERRULED."

{¶ 14} Defendant timely appealed to this court from the trial court's decision overruling his motion to vacate his 1997 conviction and sentence.

FIRST ASSIGNMENT OF ERROR

{¶ 15} "THE TRIAL COURT DID NOT COMPLY WITH STATUTORY REQUIREMENTS OF POST RELEASE CONTROL AND THUS THE ACCUSED HAS BEEN DEPRIVED OF HIS RIGHTS TO DUE PROCESS IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES."

{¶ 16} Defendant argues that his conviction and sentence are void because the trial court failed to properly notify him during the sentencing hearing of the mandatory terms of post release control that apply to his convictions, and further failed to incorporate that notification into its judgment entry of conviction.  R.C. 2967.28(B)(1) and (2); R.C. 2929.19(B)(3)(c) and (e); *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197; *State v. Terry*, Darke App. No. 09CA0005, 2010-Ohio-5391.

{¶ 17} The trial court failed to properly notify Defendant at the sentencing hearing regarding the mandatory three and five year terms of post release control that apply in this case, and further failed to incorporate that notice into its judgment entry of

conviction or "Termination Entry." That error in imposing post release control does not void Defendant's conviction, however. Rather, it voids only that part of Defendant's sentence. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238; *State v. Renner,* Montgomery App. No. 24019, 2011-Ohio-502. The remedy is a new sentencing hearing at which post-release control is properly imposed. *Id.*, paragraph two of the Syllabus by the Court. When the applicable terms of post-release control are mandatory, as they are here, an appellate court is authorized by R.C. 2953.08(G)(2) to correct the defect in imposing post-release control by modifying the sentence without a remand. *Fischer*, ¶29.

{¶ 18} The judgment of conviction entered in Montgomery County Common Pleas Court Case No. 97-CR-449 will be modified to provide that Defendant must serve periods of post-release control of three years and five years, respectively, on his convictions for involuntary manslaughter and felonious assault.

{¶ 19} Defendant's first assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

{¶ 20} "THE JUDGMENT OF CONVICTION AND SENTENCE ARE FACIALLY VOID FOR FAILURE TO COMPLY WITH STATUTORY REQUIREMENTS OF CRIM.R. 32(C), BY NOT INCLUDING THE FINDING OF GUILT IN THE SENTENCING ENTRY."

{¶ 21} Defendant argues that his convictions are void because

the judgment of conviction does not set forth the manner of Defendant's conviction, which was his guilty pleas, and the court's verdict or finding of guilt thereon.   Both are required by Crim.R. 32(C).   See: *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330.

{¶ 22} Defendant did not raise this issue in the trial court by including it as grounds for his motion to vacate his judgment of conviction.   Neither did the trial court rule on this issue.   Therefore, Defendant has waived this issue for purposes of appeal.   In any event, the failure of a judgment of conviction to comply with Crim.R. 32(C) does not render the judgment void.   *State ex rel. DeWine v. Burge,* 128 Ohio St.3d 236, 2011-Ohio-235, at ¶19.

{¶ 23} Defendant's second assignment of error is overruled. The judgment of the trial court will be affirmed.

DONOVAN, J., And WAITE, J., concur.

(Hon. Cheryl L. Waite, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)


Copies mailed to:

Carley J. Ingram, Esq.
William L. Pointer
Hon. Timothy N. O'Connell