[Cite as *State v. Shepherd*, 2012-Ohio-5631.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 12CA3469 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| JEFFERY L. SHEPHERD, | : | |
| | : | **RELEASED 11/26/12** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Jeffery Shepherd, Chillicothe, Ohio, pro se appellant.

Mark E. Kuhn, Scioto County Prosecutor, and Pat Apel, Scioto County Assistant Prosecutor, Portsmouth, Ohio, for appellee.

_____

Harsha, J.

{¶1}    In 2010, Jeffery Shepherd was convicted of various charges and filed an unsuccessful appeal.  In a subsequent motion, he argued that his sentence was void because:  1.) the court did not orally announce the jury's findings of guilt for certain charges at the sentencing hearing, and 2.) the sentencing entry did not include all of the necessary elements under Crim.R. 32 for a final, appealable order.  After the trial court denied his motion, this appeal follows.

{¶2}    Despite his claim to the contrary, the trial court orally announced the jury's findings of guilt at trial.  And although a defendant may challenge a void sentence at any time, Shepherd cites no authority that stands for the proposition that the court's failure to repeat this information at the sentencing hearing renders a sentence void.  Moreover, the sentencing entry does contain all required elements to constitute a final order.  Therefore, the trial court properly denied Shepherd's motion.

I.  Facts

**{¶3}**    Following a traffic stop a grand jury indicted Shepherd for:  possession of cocaine, trafficking in drugs/cocaine, conspiracy to traffic drugs, tampering with evidence, corrupting another with drugs, conspiracy to corrupt another with drugs, two misdemeanor counts of possession of drugs, and aggravated possession of drugs. Before trial, Shepherd pleaded guilty to one count of misdemeanor drug possession.  A jury found him not guilty of the other misdemeanor drug possession and the aggravated possession charges; however, the jury found Shepherd guilty of the remaining counts. After the court merged certain offenses for sentencing, it ordered him to serve an aggregate prison term of eight years and six months.  Shepherd appealed and argued that his conviction for possession of cocaine was against the manifest weight of the evidence.  We rejected this argument and affirmed the trial court's judgment.  *State v. Shepherd*, 4th Dist. No. 10CA3374, 2011-Ohio-2192, ¶ 1.  Shepherd filed an application to reopen his appeal, which we denied.

**{¶4}**    Subsequently, Shepherd filed a "MOTION TO VOID AND/OR VACATE A [INVALID] SENTENCE UNDER R.C. CRIM. RULE 32" in the trial court.  Shepherd complained that at the sentencing hearing, the court failed to orally state the fact and manner of conviction for Counts 3-6 of the indictment.  He also argued that the court's sentencing entry did not constitute a final, appealable order under Crim.R. 32 for various reasons.  Therefore, Shepherd argued his sentence was void and had to be vacated.  In its memorandum contra, the State characterized Shepherd's motion as an untimely petition for postconviction relief and argued that it was also barred by the doctrine of res judicata.  The trial court denied Shepherd's motion, finding that his

"Petition is untimely filed precluding the Court from considering [it], and * * * Defendant's

claim is barred by the doctrine of res judicata."  This appeal followed.

## II.  Assignment of Error

{¶5}    Shepherd assigns one error for our review:

APPELLANT CONTENDS THAT THE TRIAL COURT DENIED HIM DUE
PROCESS, AND EQUAL PROTECTION OF LAW UNDER THE 8TH AND
14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION[ ]
WHEN IT IMPOSED A (1) SENTENCE UPON APPELLANT THAT WAS
CONTRARY TO LAW AND (2) WHEN THE TRIAL COURT'S SENTENCE
IS CONTRADICTED BY IT'S [sic] JOURNAL ENTRY, (3) THE COURT
LACKED SUBJECT MATTER JURISDICTION TO SENTENCE ON
COUNTS.[1]

## III.  Shepherd's Sentence is Valid

{¶6}    Shepherd contends that the trial court erred when it denied his motion to

vacate an invalid sentence as untimely and barred by res judicata.  At the trial level and

on appeal, the State characterizes Shepherd's motion as an untimely petition for

postconviction relief.  The trial court appeared to accept this characterization in its

decision to deny the motion.  However, R.C. 2953.21(A)(1)(a), which describes petitions

for postconviction relief, states:

> Any person who has been convicted of a criminal offense or adjudicated a
> delinquent child and who claims that there was such a denial or
> infringement of the person's rights as to render the judgment void or
> voidable under the Ohio Constitution or the Constitution of the United
> States, * * * may file a petition in the court that imposed sentence, stating
> the grounds for relief relied upon, and asking the court to vacate or set
> aside the judgment or sentence or to grant other appropriate relief.  The
> petitioner may file a supporting affidavit and other documentary evidence
> in support of the claim for relief.

---

[1] In his appellate brief, Shepherd included a statement of issues presented for review within his
assignment of error, in accordance with App.R. 16(A)(4).  This statement references the First Amendment
to the United States Constitution (which Shepherd never mentions in his argument) and the Fourteenth
Amendment (which Shepherd briefly references in his argument).  In his reply brief, Shepherd repeated
this statement of issues but characterized it as a second assignment of error for the first time.  We will
treat this language as a statement of issues and not a separate assignment of error.

**{¶7}** Although Shepherd attempts to make constitutional arguments on appeal, he did not assert any constitutional arguments in his motion at the trial level. Instead, he argued his sentence was void and should be vacated under the rules of criminal procedure. Therefore, the trial court incorrectly treated his motion as a petition for postconviction relief. However, " 'when a trial court has stated an erroneous basis for its judgment, an appellate court must affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial.' " *State v. Sebastian*, 4th Dist. No. 08CA19, 2009-Ohio-3117, ¶ 25, quoting *Reynolds v. Budzik*, 134 Ohio App.3d 844, 846, 732 N.E.2d 485 (6th Dist.1999), fn. 3. And as we explain below, the trial court correctly denied Shepherd's motion.

**{¶8}** Shepherd essentially argues that his sentence is void. " 'In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act.' " *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 6, quoting *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12. Shepherd is correct that a void sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Id.* at paragraph one of the syllabus. However, Shepherd's sentence is not void.

**{¶9}** In his appellate brief, Shepherd suggests that his sentence is void because the trial court did not orally announce the jury's findings of guilt on Counts 3-6 and thus lacked jurisdiction to sentence him. We presume Shepherd bases this argument on the complaint he made in his motion about the court not stating at the sentencing hearing that the jury found him guilty of those counts. However, at trial, the

court read the jury's verdict forms, which state that the jury found him guilty of Counts 3-6. Shepherd cites no authority that stands for the proposition that the court's failure to repeat these findings at the sentencing hearing renders a sentence void.

{¶10} Moreover, at the sentencing hearing, the court said:

> The matter was tried by a jury on July 1[st], who found [Shepherd] guilty of Count 1 Possession of Cocaine, between 5 and 25 grams, a felony of the fourth degree, guilty on Count 2, a charge of trafficking, the same amount of grams, a felony of the fourth degree. Count 3 Tampering, a felony of the third degree, Count 4 Corrupting Another with Drugs, a felony of the second degree, Count 5 and Count 6 were both Conspiracies * * *.

In the transcript, the court does not explicitly state that the jury found Shepherd guilty of Counts 3-6. However, we also question whether a scrivener's error occurred, i.e., the second and third sentences should be combined, and Counts 2-6 should be read as part of a list of counts the jury found Shepherd "guilty on." Moreover, that conclusion is implicit given the fact that the court went on to sentence Shepherd on those counts. Thus, we reject Shepherd's argument.

{¶11} Shepherd also appears to reiterate his argument that his sentence is void because the sentencing entry does not constitute a final, appealable order. Crim.R. 32(C) provides in part: "A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal." In explaining this provision, the Supreme Court of Ohio held: "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus, modifying *State v. Baker*, 119 Ohio St.3d

197, 2008-Ohio-3330, 893 N.E.2d 163.  The fact that a judgment entry of conviction does not indicate how the defendant's conviction was effected – by a guilty plea, a no-contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial – does not prevent the order from being final.  *Lester* at ¶ 16.  Crim.R. 32(C) only requires that information as a matter of form, not substance.  *Id.* at ¶ 12.

{¶12}  In his motion, Shepherd took issue with the following language in the sentencing entry:

> The Court finds the defendant plead [sic] guilty to Count 7 Possession of Drugs, a misdemeanor of the third degree.  The Court finds that the defendant pleaded not guilty and that the defendant has been convicted by the jury of Count 1: Possession of Cocaine in an amount equal to or greater than 5 grams but less than 25 grams, a felony of the fourth degree, Count 2: Trafficking in Drugs/Cocaine in an amount equal to or greater than 5 grams but less than 10 grams, a felony of the fourth degree, Count 3: Tampering with Evidence, a felony of the third degree, Count 4: Corrupting Another with Drugs, a felony of the second degree, Count 5:  Conspiracy to Traffic in Drugs, a felony of the third degree, Count 6: Conspiracy to Corrupt Another With Drugs, a felony of the third degree.  The Court also finds that the jury found the defendant not guilty of Count 8: Possession of Drugs, a felony of the third degree, Count 9: Aggravated Possession of Drugs, a felony of the fifth degree.

{¶13}  Shepherd complained that the court did not state that he was guilty of Counts 2-6 and that he was not guilty of Count 9.  However, we agree with the State's position that the court's statement that Shepherd "has been convicted by the jury" applies to all of the counts named and separated by commas in the second sentence. In other words, we read the second sentence as a list of each count that Shepherd was convicted of as a result of the jury trial (Counts 1-6).  Similarly, we read the third sentence as a list of each count, separated by commas, for which the jury rendered a not guilty verdict.  In his motion, Shepherd also complained that the time stamp appears

on the first page of the sentencing entry, but the judge's signature appears on the last page of the entry.  However, there is no requirement that these items appear on the same page of a multi-page judgment entry.

{¶14}  The sentencing entry meets all the requirements outlined in *Lester*. Therefore, we reject Shepherd's argument that the entry does not constitute a final, appealable order.

{¶15}  Because, Shepherd's sentence is not void, the trial court did not err when it denied his motion to void and/or vacate an invalid sentence.  And because Shepherd's sentence is not void, we also reject his argument made for the first time on appeal that his void sentence violates his constitutional rights.

{¶16}  Accordingly, we overrule the sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

Kline, J., Concurring.

{¶17}  I respectfully concur in judgment and opinion with one exception.  Here, I cannot concur in the principal opinion's discussion of a potential "scrivener's error."

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment and Opinion with Opinion.

For the Court

BY: _____
William H. Harsha, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**