[Cite as *State v. Alexander*, 2014-Ohio-2294.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2014CA00014 |
| MONDELL ALEXANDER | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:            Criminal appeal from the Stark County
                                    Court of Common Pleas, Case No. 2010-
                                    CR-1653

JUDGMENT:                           Affirmed

DATE OF JUDGMENT ENTRY:             May 27, 2014

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JOHN D. FERRERO                         MONDELL ALEXANDER  PRO SE
PROSECUTING ATTORNEY                    No. 594-547
BY KATHLEEN O. TATARSKY                 M.C.I.
110 Central Plaza South                 Box 57
Canton, OH  44702                       Marion, OH  43301

*Gwin, J.*

{¶1} Defendant–Appellant Mondell Alexander ["Alexander"] appeals the January 7, 2014 judgment entry of the Stark County Court of Common Pleas. Plaintiff–Appellee is the State of Ohio.

*Facts and Procedural History*

{¶2} Alexander was indicted by the Stark County Grand Jury on two counts of aggravated robbery, first-degree felonies in violation of R.C. 2911.01(A)(1). Each charge carried a firearm specification. Alexander entered a plea of not guilty to the charges.

{¶3} On January 5, 2011, Alexander appeared before the trial court and changed his not guilty pleas to guilty. Alexander signed a Crim.R. 11(C) plea form on January 5, 2011. The trial court accepted Alexander's plea and proceeded to the sentencing phase. (Sent.T. at 6–7.) The trial court sentenced Alexander to ten years in prison. The trial court notified Alexander that following any period of incarceration, there would be a mandatory period of supervision by the Parole Authority for five years and violations of any conditions would lead to periods of reimprisonment up to one-half the sentence imposed. (Sent.T at 8.)

{¶4} The change of plea and sentence was journalized on January 19, 2011. The sentencing entry states that Alexander was subject to a mandatory five-year term of post-release control.

{¶5} Alexander did not file a direct appeal of his conviction or sentence.

{¶6} On May 1, 2012, Alexander filed a Motion for Sentencing and Leave to Withdraw Guilty Plea(s). In his motion, Alexander argued his sentence was void for

failure to give proper notification of post-release control during his plea hearing. The trial court denied Alexander's motion on May 29, 2012. This Court upheld the trial court's decision. *State v. Alexander,* Fifth Dist. Stark No. 2012CA00115, 2012-Ohio-4843.[1]

{¶7}   On November 19, 2013, Alexander filed a motion for a final appealable order arguing that his pleas of guilty and sentences were not final appealable orders because the trial court did not enter a finding of guilt. The trial court overruled Alexander's motion by Judgment Entry filed January 7, 2014.

*Assignments of Error*

{¶8}   Alexander raises two assignments of error,

{¶9}   "I. WHETHER THE FAILURE TO RENDER A FINDING OF GUILT ON THE RECORD AND IN OPEN COURT IN A GUILTY PLEA CASE, CONSTITUTES A FINAL APPEALABLE ORDER PURSUANT TO O.R.C. 2505.02; CRIM.R. 32(C) AND OHIO CONST. ART. IV, SECTION (3)(B)(2).

{¶10}  "II. WHETHER PENALTY PHASE ERROR CAN BE CURED BY SUBSEQUENT PROCEEDINGS, I.E., INCORPORATION OF THE OMITTED FINDING OF GUILT IN THE COURT'S JUDGMENT ENTRY."

I. & II.

{¶11}  Alexander's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

---

[1] Alexander also filed an appeal from his convictions and sentences for failure to register a change of address as a sexual predator. That appeal is currently pending in this Court. *State v. Alexander,* Fifth Dist. No. 2013-CA-00151.

{¶12} Alexander claims that the judgment entry containing his conviction and sentence was not a final appealable order and further he was not present when the trial court made its finding of guilt.

{¶13}  Under the doctrine of "invited error," it is well settled that "a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." *State ex rel. Smith v. O'Connor*, 71 Ohio St.3d 660, 663, 1995-Ohio-40, 646 N.E.2d 1115(1995) *citing State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 359,1994-Ohio-302, 626 N.E.2d 950(1994). *See, also, Lester v. Leuck*, 142 Ohio St. 91, 50 N.E.2d 145(1943) paragraph one of the syllabus. As the Ohio Supreme Court has stated,

> [t]he law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted. It follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible.

*Lester* at 92-93, quoting *State v. Kollar*, 93 Ohio St. 89, 91, 112 N.E. 196(1915).

{¶14}  In the case at bar, Alexander could have requested the trial court make a finding of guilty on the record when asked if he wished to address the court prior to the

imposition of sentence. He chose not to avail himself of the opportunity provided by the court.

{¶15} We further find that Alexander has waived the error by failing to raise this contention in his previous appeal. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233(1996), syllabus, *approving and following State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104(1967), paragraph nine of the syllabus. It is well settled that, "pursuant to *res judicata,* a defendant cannot raise an issue in a [petition] for post conviction relief if he or she could have raised the issue on direct appeal." *State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131(1997). Accordingly, "[t]o survive preclusion by *res judicata,* a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." *State v. Nemchik*, 9th Dist. Lorain No. 98CA007279, 2000 WL 254908(Mar. 8, 2000); *see, also*, *State v. Ferko*, 9th Dist. Summit No. 20608, 2001 WL 1162835(Oct. 3, 2001).

{¶16} In the case at bar, the facts and information upon which Alexander bases his arguments in the present appeal are contained in the trial court record. Accordingly, Alexander had the opportunity to raise this issue on direct appeal, but he failed to do so. The doctrine of res judicata bars Alexander from raising this issue anew via a motion for

a final appealable order. *See, State v. Foy*, 5th Dist. No. 2009–CA–00239, 2010–Ohio–2445, ¶8; *State v. Miller*, 5th Dist. No. 2011–CA–00074, 2011–Ohio–3039.

**{¶17}** In *State v. Lester*, the Ohio Supreme Court observed,

R.C. 2505.02 sets forth the conditions under which an order is final and may be reviewed, affirmed, or modified, with or without retrial. Crim.R. 32(C) specifies the substantive requirements that are to be included within a judgment of conviction that make it final for purposes of appeal. We find that appellant's original judgment entry of conviction meets the Crim.R. 32(C) requirements because it contained the fact of the conviction, the sentence, the judge's signature, and the time stamp indicating the entry upon the journal by the clerk. Therefore, the original judgment entry of conviction was a final order subject to appeal under R.C. 2505.02. Moreover, the absence of the language required by Crim.R. 32(C) as a matter of form indicating how appellant's conviction was effected has not deprived appellant of any opportunity to appeal his conviction or sentence, as he has appealed numerous times, and in none of those previous direct appeals or collateral procedures did appellant raise any arguments regarding the lack of finality of the judgment of conviction. *Lester*, 2007-Ohio-4239, 2007 WL 2350759; 2008-Ohio-1148, 2008 WL 696901; 2007-Ohio-5627, 2007 WL 3054319; and (May 11, 2009), 3d Dist. No. 2–08–24.

130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶17. The same is true in the case at bar, Alexander has not been deprived of any opportunity to appeal his conviction or sentence, as he has appealed, and in his previous appeal Alexander did

not raise any arguments regarding the original judgment entry of conviction and sentence.

{¶18}  In the case now before us, the original sentencing order complied with the substantive requirements of Crim.R. 32(C) and was a final order for purposes of R.C. 2505.02. In fact, Alexander availed himself of a previous appeal to this Court.

{¶19}  The record reflects Alexander was present at the sentencing hearing and signed the Crim.R. 11(C) form indicating his guilt. There is no requirement that a defendant be present when a trial judge signs a judgment entry and the clerk of courts file stamps its entry into the court docket.

{¶20}  The arguments presented by Alexander in the present case could have been presented in a direct appeal from the trial court's sentencing entry or in his previous appeal to this Court, but they were not. As a result, res judicata bars Alexander from raising them in this appeal.

{¶21}  Alexander's first and second assignments of error are overruled.

{¶22} The judgment of the Stark County Court of Common Pleas is affirmed.


By Gwin, J.,

Hoffman, P.J., and

Farmer, J., concur