[Cite as *State v. Deresse*, 2014-Ohio-4234.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 14-CA-31 |
| | : | |
| DAWIT DERESSE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of
                             Common Pleas, Case No. 08 CR 403



JUDGMENT:                    AFFIRMED



DATE OF JUDGMENT ENTRY:      September 18, 2014



APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

KENNETH W. OSWALT                      DAWIT N. DERESSE, PRO SE
LICKING CO. PROSECUTOR                 #596-718
20 S. Second St., 4th Floor            Marion Correctional Institution
Newark, OH 43055                       P.O. Box 57
                                       Marion, OH 43301

*Delaney, J.*

{¶1}  Appellant Dawit Deresse appeals from the April 1, 2014 Judgment Entry of the Licking County Court of Common Pleas overruling his "Defendant Leave Motion to Correct a Void Sentence pursuant to R.C. 2941.25/Motion for Hearing" (*sic*).  Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}  A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal.

{¶3}  On June 13, 2008, appellant was charged by indictment as follows: Count 1, trafficking in crack cocaine (vicinity of a juvenile) in violation of R.C. 2925.03(A)(1)(C)(4)(d), a felony of the second degree; Count 2, trafficking in crack cocaine (vicinity of a juvenile) in violation of R.C. 2925.03(A)(1)(C)(4)(e), a felony of the first degree; Count 3, trafficking in crack cocaine (vicinity of a school), in violation of R.C. 2925.03(A)(1)(C)(4)(d), a felony of the second degree; Count 4, trafficking in cocaine (vicinity of a juvenile), in violation of R.C. 2925.03(A)(1)(C)(4)(d), a felony of the second degree; Count 5, possession of crack cocaine, in an amount equal to or exceeding one gram but less than five grams, in violation of R.C. 2925.11(A)(C)(4)(b), a felony of the fourth degree; Count 6, possession of crack cocaine, in violation of R.C. 2925.11(A)(C)(4)(e), a felony of the first degree; Count 7, possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(b), a felony of the fourth degree, with a forfeiture specification as to counts one through seven ($872.00 in cash); Count 8, engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1), a felony of the first degree.

{¶4} On January 5, 2009, appellee moved to dismiss Counts 6, 7, and 8 and appellant entered pleas of no contest to Counts 1 through 5. After a presentence investigation, appellant was sentenced to an aggregate prison term of 18 years, including consecutive terms as follows: four years on Count 1, four years on Court 2, five years on Count 3, four years on Count 4, and one year on Count 5.

{¶5} On February 9, 2009, appellant filed an untimely notice of direct appeal, which we treated as a delayed appeal. Appellant challenged the manifest weight of the evidence, asserted a Crim.R. 11 violation, and specifically challenged his sentence on the basis that the possession offense (Count 5) was an allied offense of similar import to the trafficking charges of Counts 1 through 4. We overruled the three assignments of error and affirmed appellant's convictions in *State v. Deresse*, 5th Dist. Licking No. 09 CA 11, 2009-Ohio-6725. A motion for delayed appeal to the Ohio Supreme Court was denied in *State v. Deresse*, 125 Ohio St.3d 1446 (2010).

{¶6} Appellant filed a petition for postconviction relief in the trial court on October 7, 2009, which was overruled.

{¶7} On January 27, 2014, appellant filed a "Defendant Leave Motion to Correct a Void Sentence pursuant to R.C. 2941.25/Motion for Hearing" arguing his convictions were allied offenses of similar import which should have merged for sentencing pursuant to the decision of the Ohio Supreme Court in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.

{¶8} The trial court overruled appellant's motion in a Judgment Entry filed April 1, 2014, finding the issues raised by appellant are res judicata. Appellant now appeals from the trial court's entry.

{¶9}   Appellant raises two assignments of error:

## ASSIGNMENTS OF ERROR

{¶10} "I.   THE TRIAL COURT COMMITTED PLAIN ERROR WHEN THE COURT FAIL TO CONDUCT A HEARING PRIOR TO SENTENCING THE DEFENDANT TO DETERMINE WHETHER COUT 1-5 RAISED IN THE INDICTMENT ARE ALLIED OFFENSES OF SIMILAR IMPORT FOR THE PURPOSE OF R.C. 2941.25(A)(B) VIOLATION OF THE DEFENDANT UNITED STATES CONSTITUTIONAL RIGHTS AMENDMENTS 5, 6, AND 14 (*sic* throughout)."

{¶11} "II.   THE TRIAL COURT LACK SUBJECT MATTER JURISDICTION TO IMPOSE A PRISON TERM UPON THE DEFENDANT UNDER COUNT 1 AND 2 THAT RENDERED THE TRIAL COURT SENTENCE VOID VIOLATION OF DEFENDANT UNITED STATES CONSTITUTIONAL RIGHTS AMENDMENTS 5, 6, AND 14 (*sic* throughout)."

## ANALYSIS

### I.

{¶12} In his first assignment of error, appellant argues the trial court was required to conduct a hearing pursuant to R.C. 2941.25 to determine whether the offenses he was convicted of should merge for sentencing purposes.  We disagree.

{¶13} Appellant had a prior opportunity to litigate the allied-offenses claims he sets forth in the instant appeal via a timely direct appeal from the sentencing hearing and resulting judgment entry.  In fact, in this case, appellant did make an allied-offenses argument in his direct appeal which we overruled on the authority of *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181.  *State v. Deresse*, 5th Dist.

Licking No. 09 CA 11, 2009-Ohio-6725, at ¶ 33. *Cabrales* has subsequently been overruled by *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, upon which appellant based his argument to the trial court in his Motion of January 27, 2014.

{¶14} Appellant's new argument here is barred under the doctrine of res judicata. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). The *Perry* court explained the doctrine as follows:

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.
>
> *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

{¶15} Moreover, appellant's arguments fail substantively. While appellant's argument here does not specifically cite the Ohio Supreme Court's most recent pronouncement on allied offenses, he relies upon its rationale and relied upon *Johnson* extensively in his argument to the trial court. *State v. Johnson*, supra. *Johnson* does not apply retroactively. *State v. Holliday*, 5th Dist. Delaware No. 11CAA1101104, 2012-Ohio-2376, ¶ 16, citing *State v. Parson,* 2nd Dist. Montgomery No. 24641, 2012–Ohio–730. The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies. Id., citing *Ali v. State,* 104 Ohio St.3d 328, 2004–Ohio–6592. See also, *State v. Hill*, 5th

Dist. Muskingum No. CT11-0020, 2011-Ohio-3644, appeal not allowed, 130 Ohio St.3d 1439, 2011-Ohio-5883, 957 N.E.2d 301; *State v. Pearson*, 5th Dist. Licking No. 13-CA-59, 2013-Ohio-5690.

{¶16} We find appellant's first assignment of error to be barred by res judicata and the finality of appellate judgments.  Appellant's first assignment of error is therefore overruled.

II.

{¶17} In his second assignment of error, appellant argues the trial court lacked subject-matter jurisdiction to convict and sentence him on Counts 1 and 2 because the indictment does not contain a statement he possessed the crack cocaine he trafficked in those counts.  We disagree.

{¶18} "'Jurisdiction' means the courts' statutory or constitutional power to adjudicate the case." (Internal quotations and citations omitted.) *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004–Ohio–1980, ¶ 11. If the trial court lacks subject-matter jurisdiction its judgment is void. *Id.* at ¶ 12. While appellant did not raise an argument of subject matter jurisdiction before the trial court, "* * * subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *Id.* at ¶ 11.

{¶19} Pursuant to R.C. 2931.03, the court of common pleas has subject matter jurisdiction of criminal cases. *State v. Mitchell,* 5th Dist. Guernsey No. 07–CA–17, 2008–Ohio–101, ¶ 32. A common pleas court has original jurisdiction in felony cases and its jurisdiction is invoked by the return of an indictment. *Click v. Eckle,* 174 Ohio St. 88, 89, 186 N.E.2d 731 (1962). The indictment in the instant case charged appellant

with several felonies alleged to have occurred in Licking County, Ohio. The Licking County Court of Common Pleas therefore had subject-matter jurisdiction over appellant's case. See, *State v. Poissant,* 5th Dist. Fairfield No. 08 CA 7, 2009–Ohio–4235, ¶ 20, appeal not allowed, 123 Ohio St.3d 1510, 917 N.E.2d 812, 2009–Ohio–6210, and *State v. Wilson*, 5th Dist. Richland No. 14CA16, 2014-Ohio-3286.

{¶20} Appellant's argument may be based upon confusion over which elements are required for which subsection of the trafficking statute, as appellee posits. We can only determine, however, that the Licking County Court of Common Pleas did have subject matter jurisdiction over Counts 1 and 2.

{¶21} Appellant's second assignment of error is overruled.

## CONCLUSION

{¶22} Appellant's two assignments of error are overruled and the judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J. and

Gwin, P.J.

Hoffman, J., concur.