[Cite as *State v. Peoples*, 2014-Ohio-5526.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 14AP-271 |
| v. | : | (C.P.C. No. 01CR07-4150) |
| David A. Peoples, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 16, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

*David A. Peoples*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, David A. Peoples, appeals from a judgment of the Franklin County Court of Common Pleas denying his "Motion to Find Judgment Entry Void." For the following reasons, we affirm that judgment.

I. Factual and Procedural Background

{¶ 2} In 2001, a Franklin County Grand Jury indicted appellant with one count of aggravated murder with two firearm specifications and one count of having a weapon while under disability ("WUD charge"). Appellant entered a not guilty plea and proceeded to a jury trial. After the presentation of evidence, the trial court instructed the jury as to the charge of aggravated murder and the firearm specifications. The jury found appellant

guilty of aggravated murder and the attendant firearm specifications and the trial court sentenced him accordingly.

{¶ 3}   In this entire process, the WUD charge appears to have disappeared.  There is no indication that appellant ever waived his right to be tried to a jury on the WUD charge but the jury was not instructed on the charge and did not receive a verdict form for that charge.  There were no references to the WUD charge during appellant's trial or at his sentencing hearing.  The trial court's judgment entry of conviction only states that appellant was found guilty of aggravated murder and the firearm specifications. It also did not mention the WUD charge.

{¶ 4}   Appellant appealed his conviction to this court and we affirmed.  *State v. Peoples*, 10th Dist. No. 02AP-945, 2003-Ohio-4680.  He did not raise the omission of the WUD charge as an assignment of error in that appeal.

{¶ 5}   Twelve years later, however, on February 24, 2014, appellant filed the "Motion to Find Judgment Entry Void."  In that motion, appellant argued that his judgment of conviction is void because it did not dispose of the WUD charge.  The state conceded that appellant's judgment entry is silent as to the WUD charge but argued that such omission does not create a void judgment.  The trial court denied appellant's motion.

## II. Appellant's Appeal

{¶ 6}   Appellant appeals and assigns the following error:[1]

> The trial court [erred] and deprived the Appellant of Due Process of law in violation of his Fifth, Sixth, and Fourteenth Amendment[s] to the U.S. Constitution, and Article I, Section[s] 10 and 16 of the Ohio Constitution in that the trial court is divested of its jurisdiction to impose any sentence in light of the Franklin County [Court] of Common Pleas on the basis that there was no disposition as to count (2) two of the indictment, which the state acknowledges that it has been unable to obtain records regarding the disposition of the charge.

---

[1] We will not consider appellant's additional assignments of error presented for the first time in his reply brief.  *State v. Altunar*, 10th Dist. No. 13AP-875, 2014-Ohio-2787, fn.1, citing *Hanlin-Rainaldi Constr. Corp. v. Jeepers, Inc.,* 10th Dist. No. 03AP-851, 2004-Ohio-6250, ¶ 22 ("[A] reply brief is merely an opportunity to reply to the brief of appellee. * * * A reply brief may not raise new assignments, which were omitted from appellant's original brief, especially where leave to file a new assignment was not sought from this court.").

{¶ 7}  In this assignment of error, appellant contends the trial court lacked jurisdiction to sentence him because his judgment of conviction did not resolve the WUD charge.  We disagree.

{¶ 8}  The trial court clearly had subject-matter jurisdiction to sentence appellant after the jury found him guilty of aggravated murder and the attendant firearm specifications.  *State ex rel. Pruitt v. Donnelly*, 129 Ohio St.3d 498, 2011-Ohio-4203, ¶ 2, citing R.C. 2931.03; *State v. Deresse*, 5th Dist. No. 14-CA-31, 2014-Ohio-4234, ¶ 19.  The only question is the significance of the trial court's failure to address the WUD charge.  Appellant alleges that the failure renders his judgment of conviction void because it violated Crim.R. 32(C).[2]  We disagree.

{¶ 9}  First, noncompliance with Crim.R. 32(C) does not render a judgment of conviction void.  *State v. Pointer*, 2d Dist. No. 24446, 2011-Ohio-5072, ¶ 22; *State v. Staffrey*, 7th Dist. No. 2011-Ohio-5760, ¶ 27-29.  Neither would it deprive the trial court of subject-matter jurisdiction.  *State v. Ervin*, 8th Dist. No. 100366, 2014-Ohio-1631, ¶ 13.  This is so because the rule addresses the finality, not the validity, of the judgment of conviction.  *Id.*  Accordingly, res judicata bars appellant from raising this claim because he could have raised it in his direct appeal of his conviction.  *State v. Alexander*, 5th Dist. No. 2014CA00014, 2014-Ohio-2294, ¶ 15-16 (rejecting same argument on res judicata grounds).

{¶ 10} Moreover, Crim.R. 32(C) " 'requires a full resolution of those counts for which there were convictions.  It does not require a reiteration of those counts and specifications for which there were no convictions, but were resolved in other ways, such as dismissals, nolled counts, or not guilty findings.' " *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 127 Ohio St.3d 29, 2010-Ohio-4728, ¶ 2, quoting *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. No. 93814, 2010-Ohio-1066, ¶ 8.  Thus, because appellant was not convicted of the WUD charge, the trial court's failure to indicate the disposition of the WUD charge did not violate Crim.R. 32(C) or

---

[2] A judgment entry of conviction must follow Crim.R. 32(C) to be appealable.  *State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, ¶ 20, citing *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330.  A final, appealable judgment entry of conviction must contain (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk.  *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus.  Appellant does not dispute that his judgment of conviction satisfies these requirements as to his conviction for aggravated murder.

affect the finality of appellant's judgment of conviction.  *State v. Priest*, 2d Dist. No. 25896, 2014-Ohio-3843, ¶ 13; *State v. Moore*, 7th Dist. No. 12 MA 197, 2013-Ohio-4000, ¶ 47.

### III. Conclusion

{¶ 11} The trial court had jurisdiction to sentence appellant and its judgment of conviction satisfied Crim.R. 32(C).  Because appellant's judgment of conviction was not void, the trial court did not err by denying appellant's motion.  *State v. Shepherd*, 4th Dist. No. 12CA3469, 2012-Ohio-5631, ¶ 15.  Accordingly, we overrule appellant's assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and DORRIAN, JJ., concur.

————————