[Cite as *State ex rel. Peoples v. Johnson*, 2016-Ohio-5204.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. David A. Peoples, | : | |
| Relator, | : | |
| v. | : | No. 15AP-765 |
| Judge David L. Johnson, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on August 2, 2016

**On brief:** *David A. Peoples,* pro se.

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Scott J. Gaugler,* for respondent.

ON OBJECTIONS TO THE MAGISTRATE'S DECISION

HORTON, J.

{¶ 1} Relator, David A. Peoples ("Peoples"), commenced this original action on August 10, 2015, seeking a writ of mandamus ordering respondent, the honorable David L. Johnson, a former Judge of the Franklin County Court of Common Pleas, to vacate a judgment entry of conviction and sentence that was filed in the common pleas court on August 2, 2002 in case No. 01CR-4150. (Compl. at 1.) Peoples argues that his judgment of conviction is void because it did not dispose of having a weapon while under disability ("WUD") charge.

{¶ 2} In *State v. Peoples*, 10th Dist. No. 14AP-271, 2014-Ohio-5526, ¶ 2-3 ("*Peoples II*"), we stated the basic facts as follows:

> In 2001, a Franklin County Grand Jury indicted appellant with one count of aggravated murder with two firearm specifications and one count of having a weapon while under disability ("WUD charge"). Appellant entered a not guilty plea and proceeded to a jury trial. After the presentation of

evidence, the trial court instructed the jury as to the charge of aggravated murder and the firearm specifications. The jury found appellant guilty of aggravated murder and the attendant firearm specifications and the trial court sentenced him accordingly.

In this entire process, the WUD charge appears to have disappeared. There is no indication that appellant ever waived his right to be tried to a jury on the WUD charge but the jury was not instructed on the charge and did not receive a verdict form for that charge. There were no references to the WUD charge during appellant's trial or at his sentencing hearing. The trial court's judgment entry of conviction only states that appellant was found guilty of aggravated murder and the firearm specifications. It also did not mention the WUD charge.

{¶ 3} Peoples directly appealed his conviction to this court and we affirmed. *State v. Peoples*, 10th Dist. No. 02AP-945, 2003-Ohio-4680 ("*Peoples I*"). He did not raise the omission of the WUD charge as an assignment of error in that appeal. Twelve years later, however, on February 24, 2014, Peoples filed a motion to find judgment entry void. In that motion, Peoples argued that his judgment of conviction is void because it did not dispose of the WUD charge. The state conceded that the judgment entry is silent as to the WUD charge but argued that such omission does not create a void judgment. The trial court denied appellant's motion. We affirmed the trial court's decision in *Peoples II*.[1]

{¶ 4} On August 12, 2015, this matter was referred to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. On September 1, 2015, respondent filed a motion to dismiss arguing that relator's claims were barred by res judicata. (Respondent's Mot. to Dismiss at 2.) On October 26, 2015, the magistrate converted respondent's motion to dismiss to one for summary judgment. (Mag.'s Order at 2.) On March 3, 2016, the magistrate issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommended that because relator had a "plain and adequate remedy at law" on direct appeal in *Peoples I*, we grant respondent's motion for summary judgment, and thereby dismiss the complaint. (App'x at ¶ 28-32.)

---

[1] The Supreme Court of Ohio declined jurisdiction in *State v. Peoples*, case No. 2015-0158 (April 29, 2015).

{¶ 5}   On April 12, 2016, Peoples filed objections to the magistrate's decision. Generally, Peoples alleges that because the trial court did not dispose of the WUD charge it "failed to perform it's clear legal duty" and "did not issue a final appealable order" in compliance with Crim.R. 32(C).   Therefore, the court of appeals lacked jurisdiction to consider his appeals and res judicata does not apply.   (Relator's Objs. to Mag.'s Decision at 3, 5.)

{¶ 6}   However, we have already found that the trial court issued a final appealable order in compliance with Crim.R. 32(C),  and that res judicata bars his claims. In *Peoples II* at ¶ 9-10 we stated that:

> First, noncompliance with Crim.R. 32(C) does not render a judgment of conviction void. *State v. Pointer*, 2d Dist. No. 24446, 2011-Ohio-5072, ¶ 22; *State v. Staffrey*, 7th Dist. No. 2011-Ohio-5760, ¶ 27-29. Neither would it deprive the trial court of subject-matter jurisdiction. *State v. Ervin*, 8th Dist. No. 100366, 2014-Ohio-1631, ¶ 13. This is so because the rule addresses the finality, not the validity, of the judgment of conviction. Id. Accordingly, res judicata bars appellant from raising this claim because he could have raised it in his direct appeal of his conviction. *State v. Alexander*, 5th Dist. No. 2014CA00014, 2014-Ohio-2294, ¶ 15-16 (rejecting same argument on res judicata grounds).
>
> Moreover, Crim.R. 32(C) " 'requires a full resolution of those counts for which there were convictions. It does not require a reiteration of those counts and specifications for which there were no convictions, but were resolved in other ways, such as dismissals, nolled counts, or not guilty findings.' " *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas,* 127 Ohio St.3d 29, 2010-Ohio-4728, ¶ 2, 936 N.E.2d 41, quoting *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas,* 8th Dist. No. 93814, 2010-Ohio-1066, ¶ 8. Thus, because appellant was not convicted of the WUD charge, the trial court's failure to indicate the disposition of the WUD charge did not violate Crim.R. 32(C) or affect the finality of appellant's judgment of conviction. *State v. Priest*, 2d Dist. No. 25896, 2014-Ohio-3843, ¶ 13; *State v. Moore*, 7th Dist. No. 12 MA 197, 2013-Ohio-4000, ¶ 47.

{¶ 7}   For the foregoing reasons, relator's objection is overruled. Based on the court's independent review of the matter, we find that the magistrate has properly determined the facts and applied all pertinent law to them. Accordingly, we adopt the

magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, along with the magistrate's conclusion granting summary judgment for respondent.

*Objections overruled; respondent's motion*
*for summary judgment granted; writ denied.*

TYACK and SADLER, JJ., concur.

———————————————

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

State ex rel. David A. Peoples,            :

         Relator,                              :

v.                                                    :                    No.  15AP-765

Judge David L. Johnson,                   :                    (REGULAR CALENDAR)

         Respondent.                       :

---

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on March 3, 2016

---

*David A. Peoples,* pro se.

*Ron O'Brien*, Prosecuting Attorney, and *Scott J. Gaugler,* for respondent.

---

### IN MANDAMUS
### ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

{¶ 8}   In this original action, relator, David A. Peoples, an inmate of the North Central Correctional Complex ("NCCC"), requests that a writ of mandamus issue against respondent, the Honorable David L. Johnson, a former judge of the Franklin County Court of Common Pleas ("common pleas court" or "trial court").  Relator requests that the writ order respondent to vacate a judgment entry of conviction and sentence that was filed in the common pleas court on August 2, 2002 in case No. 01CR-07-4150.

<u>Findings of Fact</u>:

{¶ 9}   1.  In 2001, a Franklin County Grand Jury indicted relator on one count of aggravated murder with two specifications and a second count of having a weapon while under disability ("WUD").

{¶ 10} 2. Relator entered a not guilty plea and proceeded to a jury trial.

{¶ 11} 3. After the presentation of evidence, the jury was instructed as to the charge of aggravated murder and the two specifications. The jury found relator guilty of aggravated murder and the specifications under count one of the indictment.

{¶ 12} 4. On July 31, 2002, Judge Johnson held a sentencing hearing. In his judgment entry of conviction and sentence, Judge Johnson sentenced relator to a prison term of 25 years for the aggravated murder and an additional 9 years imprisonment on the two specifications, for a total of 34 years imprisonment.

{¶ 13} 5. The WUD charge appears to have disappeared. There is no indication that relator ever waived his right to be tried to a jury on the WUD charge, but the jury was not instructed on the charge, and did not receive a verdict form for that charge. The judgment entry of conviction and sentence does not mention the WUD charge.

{¶ 14} 6. Relator appealed his conviction and sentence to this court. *State v. Peoples,* 10th Dist. No. 02AP-945, 2003-Ohio-4680 ("*Peoples I*"). This court affirmed. In his appeal to this court, relator did not raise the omission of the WUD charge as an assignment of error.

{¶ 15} 7. Twelve years later, on February 24, 2014, relator filed in the common pleas court the "Motion to Find Judgment Entry Void." In that motion, relator argued that the judgment of conviction and sentence is void because it did not dispose of the WUD charge. The state conceded that the judgment entry is silent as to the WUD charge, but argued that such omission does not create a void judgment.

{¶ 16} 8. On March 19, 2014, the trial court issued a decision and entry denying relator's February 24, 2014 motion. Treating the motion as a petition for post- conviction relief, the trial court found it to be untimely. Also, the trial court found that the untimely petition did not satisfy the conditions set forth in R.C. 2953.23(A).

{¶ 17} 9. Relator appealed to this court the denial of his February 24, 2014 motion or petition.

{¶ 18} 10. On December 16, 2014, this court issued its decision affirming the judgment of the trial court. *State v. Peoples,* 10th Dist. No. 14AP-271, 2014-Ohio-5526 ("*Peoples II*").

{¶ 19} 11. In *Peoples II,* this court held that the trial court's denial of relator's February 24, 2014 motion to find judgment entry void was proper because the trial court had jurisdiction to sentence him and its judgment of conviction satisfied Crim.R. 32(C). Furthermore, this court held that res judicata barred relator from raising the claim regarding the WUD charge because relator could have raised it in his direct appeal of his conviction.

{¶ 20} 12. On December 17, 2014, this court entered its judgment entry in *Peoples II.*

{¶ 21} 13. On August 10, 2015, relator filed this original action against respondent. As noted earlier, in this action, relator requests that the writ order the common pleas court to vacate the judgment entry of conviction and sentence that was filed in the common pleas court on August 2, 2002 in case number 01CR-07-4150.

{¶ 22} 14. On September 1, 2015, respondent filed a motion to dismiss in this action. In support, respondent submitted a copy of the March 19, 2014 decision and entry of the trial court that denied relator's February 24, 2014 motion.

{¶ 23} 15. On September 24, 2015, relator filed a memorandum in opposition to respondent's motion to dismiss.

{¶ 24} 16. On October 26, 2015, the magistrate issued an order converting respondent's motion to dismiss to one for summary judgment.

{¶ 25} 17. On October 27, 2015, the magistrate issued notice that respondent's September 1, 2015 motion for summary judgment is set for submission to the magistrate on November 16, 2015.

{¶ 26} 18. On November 6, 2015, respondent filed a document captioned "Respondent's Response to Magistrate's Order." In support, respondent appended a certified copy of the March 19, 2014 decision and entry of the trial court, the December 16, 2014 decision of this court in *Peoples II,* and the December 17, 2014 judgment entry of this court in *Peoples II.*

{¶ 27} 19. Relator did not respond to respondent's motion for summary judgment.

Conclusions of Law:

{¶ 28} Because relator had a plain and adequate remedy at law by way of his direct appeal of his conviction and sentence to this court in *Peoples I,* it is the magistrate's decision that this court grant respondent's motion for summary judgment.

{¶ 29} As respondent correctly points out, the availability of a plain and adequate remedy at law bars an action in mandamus. *State ex rel. Tran v. McGrath,* 78 Ohio St.3d 45 (1997). This is so even when the relator has failed to exercise the plain and adequate remedy that was previously available. *Id.*

{¶ 30} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. *Turner v. Turner*, 67 Ohio St.3d 337, 339-40 (1993); *Bostic v. Connor*, 37 Ohio St.3d 144, 146 (1988); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978). The moving party bears the burden of proving no genuine issue of material fact exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988).

{¶ 31} Here, there is no genuine issue of fact and respondent is entitled to judgment as a matter of law.

{¶ 32} Accordingly, it is the magistrate's decision that this court grant respondent's motion for summary judgment.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).